# United States District Court
# District of Nevada

Jeromy Oelker
525 e. Bonanza Rd
Las Vegas, NV 89101

| | |
|---|---|
| **Jeromy Oelker (pro se)** ) | |
| *Petitioner* ) | |
| ) | **2:23-cv-01490-APG-DJA** |
| **V.** ) | |
| ) | **MOTION TO ENJOIN** |
| **Magistrate Victoria Olds** ) | 28 U.S.C. § 2283 |
| **Magistrate Paige Nolta** ) | |
| **Prosecutor Zach Pall** ) | (CR31-20-0097 Lewis |
| **Deputy Arnzen** ) | County, Idaho) |
| **Sheriff Davis** ) | |
| **Lewis County Court, Idaho** ) | |
| *Respondents* ) | |

Because this is a RICO case, and 1983, 1985(3) actions require a level of Summary review; I am providing documents to the court to support the "Continuing Harm Doctrine." "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981)

Please see original complaint and Memorandum in Support of motion to enjoin regarding "Accrual" and "Equitable Tolling." Holland v. Florida 560 U.S. 631 (2010)

Page 1 of 4

I was "diligently" prosecuting all these deprivations via (§ 1443 Removal) and Idaho Bar Complaints during 2020-2022, but was discriminated against by them and by the District Court of Idaho in 2021. Furthermore I was conspired against, discriminated against, and wrongfully imprisoned by Henderson Justice Court, NV in 2022. Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 255 (2016). (please see **Exhibit X-11, and X-14**)

Pursuant to 28 U.S.C. § 2283; <u>Certain exceptional circumstances</u> -- <u>where irreparable injury is "both great and immediate</u>," Younger v Harris 401 U.S. at 401 U.S. 46.

Under <u>Mitchum v. Foster, 407 U.S. 225 (1972)</u>; Title 42 U.S.C. § 1983, which authorizes a suit in equity to redress the deprivation under color of state law "of any rights, privileges, or immunities secured by the Constitution . . . ," is within that exception of the federal anti-injunction statute, 28 U.S.C. § 2283, that provides that a federal court may not enjoin state court proceedings "except as expressly authorized by Act of Congress." "And in this § 1983 action, though the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding (cf. Younger v. Harris, 401 U. S. 37, and companion cases) are not questioned, <u>the District Court is held to have erred in holding that the anti-injunction statute absolutely barred its enjoining a pending state court proceeding under any circumstances whatsoever</u>." Pp. 407 U. S. 228-243. 315 F. Supp. 1387. In Younger, this Court emphatically reaffirmed "the fundamental policy against federal interference with state criminal prosecutions." 401 U.S. at 401 U.S. 46.

It made clear that even "the possible unconstitutionality of a statute on its face' does not, in itself, justify an injunction against good faith attempts to enforce it." 401 U.S. at 401 U. S. 54. <u>At the same time, however, the</u>

<u>Court clearly left room for federal injunctive intervention in a pending state court prosecution in certain exceptional circumstances</u> -- <u>where irreparable injury is "both great and immediate,</u>" 401 U.S. at 401 U.S. 46, <u>where the state law is "`flagrantly and patently violative of express constitutional prohibitions,</u>'" 401 U.S. at 401 U. S. 53, or where there is a showing of "<u>bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief</u>." 401 U.S. at 401 U. S. 54. In the companion case of Perez v. Ledesma, 401 U. S. 82, the Court said that <u>"only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown</u> is federal injunctive relief against pending [Page 407 U. S. 231] state prosecutions appropriate." 401 U.S. at 401 U. S. 85. See also Dyson v. Stein, 401 U. S. 200, 401 U. S. 203.

The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights -- to protect the people from unconstitutional action under color of state law, "whether that action be executive, legislative, or judicial." Ex parte Virginia, 100 U.S. at 100 U. S. 346.

In carrying out that purpose, Congress plainly authorized the federal courts to issue injunctions in § 1983 actions by expressly authorizing a "suit in equity" as one of the means of redress. And this Court long ago recognized that federal injunctive relief against a state court proceeding can, in some circumstances, be essential to prevent great, immediate, and irreparable loss of a person's constitutional rights. Ex parte Young, 209 U. S. 123; cf. Truax v. Raich, 239 U. S. 33; Dombrowski v. Pfister, 380 U. S. 479.

For these reasons, we conclude that, under the [Page 407 U. S. 243] criteria

established in our previous decisions construing the anti-injunction statute, § 1983 is an Act of Congress that falls within the "expressly authorized" exception of that law. <u>In so concluding, we do not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding</u>. These principles, in the context of state criminal prosecutions, were canvassed at length last Term in Younger v. Harris, 401 U. S. 37, and its companion case. They are principles that have been emphasized by this Court many times in the past. Fenner v. Boykin, 271 U. S. 240; Spielman Motor Sales Co. v. Dodge, 295 U. S. 89; Beal v. Missouri Pac. R. Co., 312 U. S. 45; Watson v. Buck, 313 U. S. 387; Williams v. Miller, 317 U.S. 599; Douglas v. City of Jeannette, 319 U. S. 157; Stefanelli v. Minard, 342 U. S. 117; Cameron v. Johnson, 390 U. S. 611.

"Deprivation of fundamental liberty rights "for even minimal periods of time, <u>unquestionably constitutes irreparable injury</u>." Elrod v. Bums, 96 S. Ct. 2673; 427 U.S. 347, 373 (1976)

In final please "Enjoin" via "Injunction" Idaho-CR31-20-0097 with 2:23-cv-01490-APG-DJA. The state actors are all the same, aside from the additional co-conspirators Attorney Thomas Clark and Public Defender Brennan Wright.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this October 31th day of 2023 at Las Vegas, Nevada.

Jeromy Oelker (pro se)