**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Jeromy Oelker, | Case No. 2:23-cv-01490-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Magistrate Victoria Olds, et al., | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-2).[1] Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint attempts to sue immune defendants, it dismisses his complaint with leave to amend.

**I.    *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

---

[1] Plaintiff also submitted a document filed as an amended complaint on October 26, 2023. (ECF No. 7). However, under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Plaintiff has not yet served his complaint. Thus, he is not entitled to amend his complaint without the Court's leave. Fed. R. Civ. P. 15(a)(2). Additionally, it appears that Plaintiff's amended complaint contains the same deficiencies as his initial complaint. The Court thus does not address or screen Plaintiff's purported amended complaint and strikes it from the docket.

## II. Screening the complaint.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A. The Court dismisses Plaintiff's complaint without prejudice.

Plaintiff brings claims against Magistrate Judge Victoria Olds, Magistrate Judge Paige Nolta, Prosecutor Zach Pall, Deputy Arnzen, Sheriff Davis, and Lewis County Court in Idaho. Plaintiff's claims arise out of his arrest and imprisonment in 2016 and 2017. Plaintiff asserts violations of his constitutional rights and brings his claims under 42 U.S.C. § 1983, § 1985(3), § 1986, and § 1988. Plaintiff asserts that the statute of limitations should be equitably tolled because he did not learn that Defendants' actions were illegal until he was residing at the High Desert State Prison in 2023 and because the Defendants' actions "fooled [him] into believing they were lawful."

However, the statute of limitations has passed on Plaintiff's claims. And Plaintiff has not carried his burden of showing that equitable tolling should apply. The Court thus dismisses his complaint without prejudice.[2]

---

[2] The Court notes that there are numerous pleading defects in the complaint. However, the Court does not address those defects at this time because Plaintiff's claims are time-barred.

The applicable statute of limitations bars Plaintiff's claims for relief under 42 U.S.C. § 1983, 1985, and 1986.[3] The applicable statute of limitations for 42 U.S.C. § 1983 claims is the limitations period for personal injury claims. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam) (citing *Wilson v. Garcia*, 471 U.S. 61, 279-80 (1985)).  In Nevada, based on the statute of limitations for personal injury claims, the statute of limitations for claims brought pursuant to § 1983 is two years.  *Id.*; Nev. Rev. Stat. 11.190(4)(e).  Claims brought under § 1985 are likewise governed by the statute of limitations for personal injury claims and, as such, the statute of limitations for such claims is two years.  *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991).  Unlike 42 U.S.C. §§ 1983 and 1985, the statute of limitations for claims predicated on 42 U.S.C. § 1986 originates within the statute itself.  Actions under this statute "must be commenced within one year after the cause of action has accrued."  42 U.S.C. § 1986; *Bledsoe v. City of Stockton Police Dept*, No. 2:20-cv-01654-KJM-KJN PS, 2020 WL 5203438, at *3 (E.D. Cal. Sept. 1, 2020), *report and recommendation adopted*, No. 2:20-cv-01654-KJM-KJN PS, 2020 WL 5847142 (E.D. Cal. Oct. 1, 2020).

Plaintiff alleges that he was pulled over in December of 2016 for driving with a suspended license, arraigned on that charge in January of 2017, and was detained for that charge in May of 2017.  Plaintiff does not provide dates other than these.  Based on the allegations in the complaint, Plaintiff's claims would have accrued, at the very latest, in May of 2017.  Applying a two-year statute of limitations to these dates, the statute of limitations for Plaintiff's claims would have run in May of 2019.  But Plaintiff brought his action in 2023, meaning that all of Plaintiff's federal claims are time barred as a matter of law.

Even so, this Court may equitably toll the applicable statute of limitations upon a showing by Plaintiff that equitable tolling should apply.  In determining whether to equitably toll a statute of limitations for a lawsuit filed under § 1983 and § 1985, a court applies the tolling doctrines of

---

[3] Although Plaintiff also brings his claims under 42 U.S.C. § 1988, that statute does not provide a separate cause of action.  Instead, it provides that the Court may award reasonable attorneys' fees to the prevailing party in an action under 42 U.S.C. § 1983.  *See Merry v. Sandoval*, No. 3:16-cv-00164-MMD-WGC, 2019 WL 6332159, at *2 (D. Nev. Nov. 8, 2019).

the forum state. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995); *Porter v. Los Angeles County*, No. cv-15-5646-PA (AJW), 2016 WL 8732091, at *2 (C.D. Cal. Aug. 9, 2016). In Nevada, "in situations where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate." *Seino v. Emp'rs Ins. Co. of Nev.*, 111 P.3d 1107, 1112 (Nev. 2005) (internal quotation marks omitted). The Nevada Supreme Court has provided several factors to consider in determining whether the equitable tolling doctrine should be applied, including: (1) "the diligence of the claimant"; (2) "the claimant's knowledge of the relevant facts;" (3) the "claimant's reliance on authoritative statements" by the defendant, that "misled the claimant about the nature of the claimant's rights"; (4) any deception or false assurances on the part of the defendant; (5) "the prejudice to the [defendant] that would actually result from delay during the time that the limitations period is tolled"; and (6) "any other equitable considerations appropriate in the particular case." *Seino*, 111 P.3d at 1112. A claimant bears the burden of showing that equitable tolling should apply. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

42 U.S.C. § 1986 claims may be equitably tolled under federal law. *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 n.3 (9th Cir. 1999); *Donoghue v. Orange County*, 848 F.2d 926, 930 n.3 (9th Cir. 1987); *see also American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 558-559 (1974) (discussing federal equitable tolling). Under federal law, a plaintiff seeking equitable tolling has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way, and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *accord Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256 (2016). Both elements must be satisfied. *Menominee Indian Tribe of Wis.*, 577 U.S. at 256. "'[A] garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 U.S. at 651–652 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) and *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)); *see Menominee Indian Tribe of Wis.*, 577 U.S. at 255-58.

While Plaintiff alleges that the Defendants misled him into believing their actions were lawful, without more, this conclusory statement does not carry Plaintiff's burden to show that equitable tolling should apply under either state or federal law. This is especially true because Plaintiff has not explained how he was diligent, when he learned of the relevant facts, what false statements the Defendants asserted to lead Plaintiff to believe that he could not bring his claims, how Defendants will not be prejudiced by the tolling, or what extraordinary circumstances stood in his way. In sum, Plaintiff's claims are time-barred. But the Court will allow Plaintiff an opportunity to file an amended complaint alleging facts to show why this Court should equitably toll the two-year and one-year statute of limitations applicable to his federal claims.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-2) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-2) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **December 8, 2023** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint,

each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

      **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **strike** Plaintiff's amended complaint (ECF No. 7) from the docket.

DATED: November 8, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE