UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Jeromy Oelker, | Case No. 2:23-cv-01490-APG-DJA |
| Plaintiff, | |
| v. | Order |
| Magistrate Victoria Olds, et al., | |
| Defendants. | |

Before the Court are Plaintiff's amended complaint (ECF No. 22) and motion for PACER fee exemption and service of process (ECF No. 29). The Court screens Plaintiff's amended complaint and dismisses it without prejudice and with leave to amend. The Court denies Plaintiff's motion for PACER fee exemption and service of process.

**I.   Plaintiff's amended complaint.**

   *A.   Legal standards.*

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of

the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### B. The Court dismisses Plaintiff's complaint without prejudice.

Plaintiff brings claims against Magistrate Judge Victoria Olds, Magistrate Judge Paige Nolta, Prosecutor Zach Pall, Attorney Brennan Wright, Attorney Thomas Clark, Deputy Arnzen, and Lewis County Court Idaho. Plaintiff brings a claim for conspiracy in violation of 28 U.S.C. § 1985(3) and a claim that defendants violated 42 U.S.C. § 1981.[1] However, Plaintiff's complaint does not sufficiently describe the underlying factual scenarios out of which his claims arise for the Court to screen his complaint. Instead, he references other filings, stating "[t]he Memorandum in Support of the Motion to Enjoin…and the Motion to Enjoin will be my primary complaint, and the original petition I filed will be subject to the Continual Harm Doctrine." (ECF No. 22 at 6) (emphasis in original).

The Court will not piecemeal Plaintiff's complaint together from multiple filings. Plaintiff's operative complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Accordingly, the Court dismisses Plaintiff's amended complaint with leave to amend and gives Plaintiff thirty days to file a single, complete, second amended complaint.

If Plaintiff chooses to file a second amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and previously filed amended complaints and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must

---

[1] Plaintiff also references malicious prosecution and fraud on the court, but does not provide facts to support those allegations. Plaintiff also references 28 U.S.C. § 1983, 28 U.S.C. § 1657(a), and 28 U.S.C. § 2283 in the caption, but does not otherwise discuss how and whether he brings claims under these statutes in the body of his complaint.

contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff's amended complaint must be titled "Second Amended Complaint."

**II.     Plaintiff's motion for PACER fee exemption.**

Plaintiff moves for the Court to waive his PACER fees, for the United States Marshals Service to serve the defendants, and for free certified copies under 28 U.S.C. § 2250. (ECF No. 29). Plaintiff states that he needs access to PACER without paying the fees because he has had to double check to make sure that certain of his documents are filed correctly. Plaintiff requests that the United States Marshals Service serve the defendant now that his *in forma pauperis* application has been granted. And Plaintiff adds that because he is proceeding *in forma pauperis*, he is entitled to certified copies of documents he files under 28 U.S.C. § 2250. The Court denies Plaintiff's motion and all three requests he makes therein.

First, Plaintiff is not entitled to waiver of his PACER fees. The PACER system acts as a portal to information stored on the Court's Case Management/Electronic Case Files ("CM/ECF") system. Through CM/ECF, all parties and attorneys of record receive one free copy of all documents filed electronically. In light of this procedure, Plaintiff has not justified the waiver of PACER fees. *See Nelson v. Sorrento Tower Apartments*, No. 3:21-cv-01554-RBM-JLB, 2023 WL 3061843, at *1 (S.D. Cal. Apr. 24, 2023) (citing *Katumbusi v. Gary*, No. 2:14-cv-01534-JAM-AC, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014) ("[e]xemptions from PACER user fees are uncommon" and "[i]n forma pauperis status alone does not support a request to waive PACER fees.")). The Court finds that a waiver of PACER fees is neither appropriate or warranted at this time.

Second, although Plaintiff is now proceeding *in forma pauperis*, his complaint has not yet passed screening. As a result, the Court has not yet issued summonses for the defendants and there is no operative complaint. There is thus nothing for Plaintiff to serve at this time.

Third, 28 U.S.C. § 2250 is specific to habeas corpus actions, which Plaintiff has not brought here. 28 U.S.C. § 2250 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma

>pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Plaintiff's original complaint and amended complaint do not indicate that he is bringing a habeas corpus action. And, as discussed further above, Plaintiff is receiving copies of his filed documents through the Court's CM/ECF system. The Court thus denies Plaintiff's motion.

**IT IS THEREFORE ORDERED** that the amended complaint (ECF No. 22) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **February 20, 2024** to file a second amended complaint if the noted deficiencies can be corrected. Plaintiff must title his amended complaint "Second Amended Complaint." Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for PACER fee exemption (ECF No. 29) is **denied.**

DATED: January 19, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE