# United States District Court
# District of Nevada

Jeromy Oelker
525 E. Bonanza Rd.                    ***IRREPARABLE  INJURY***
Las Vegas, NV 89101

_____

**Jeromy Oelker**                    )
        *Plaintiff   (pro se)*    )
                             )
vs.                                  )
                             )
**Magistrate Victoria Olds;**        )    <u>No. 2:23-cv-01490</u>
**Magistrate Paige Nolta;**          )
**Prosecutor Zach Pall;**            )    Motion to Vacate Judgment
**Attorney Thomas Clark;**           )    F.R.C.P. 60(b)(4), (b)(3);
**Attorney Brennan Wright;**         )    **28 U.S.C. § 2283**;
**Deputy Arnzen;**                   )    **28 U.S.C. § 1657(a)**
**Sheriff Davis**                    )
        *Defendants*     )    ref: <u>CR31-20-0097</u>
_____

Federal Civil Rule 60(b) is one of many Congressional Powers that were created to bring relief for 14th Amendment Violations. Under Virginia v. Rives the court ruled 42 U.S.C. § 1983 and 28 U.S.C. § 1443 were enacted to address State Overreach and Equal Protection Violations. To reduce parallel litigation "<u>It is clear and well established law that a void order can be challenged in any court.</u>" **Old Wayne Mutual L. Assoc. v. McDonough, 204 U.S. 8, 27 S. Ct. 236 (1907).**

Page 1 of 10

**<u>I'm not sure why Justice Albregts did not make a Younger Abstention Determination de novo when I filed a Motion to Enjoin on 31st October 2023, (see docket #11).</u>** A district court's Younger abstention determination is reviewed de novo. See Bean v. Matteucci, 986 F.3d 1128, 1132 (9th Cir. 2021).

Younger applies "when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." Page v. King, 932 F.3d 898, 901–02 (9th Cir. 2019) (quoting Arevalo v. Hennessy , 882 F.3d 763, 765 (9th Cir. 2018)).

For the Public sake, **<u>I wish for this court to Not invoke Younger and make a Conclusion of Law on Civil Rule 60(b)(4) grounds as well.</u>**

"Federal courts do not invoke it if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" Arevalo, 882 F.3d at 765- 6 (quoting Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n , 457 U.S. 423, 435, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

First, Younger does not apply where a pretrial detainee presents "a colorable claim that a state prosecution would violate the Double Jeopardy Clause." Dominguez, 906 F.3d at 1131 n.5 (citing Mannes v. Gillespie , 967 F.2d 1310, 1312 (9th Cir. 1992)).

"The Fifth Amendment's protection against double jeopardy ... 'is not against being twice punished, but against being twice put in jeopardy.'" Mannes , 967 F.2d at 1312 (quoting United States v. Ball , 163 U.S. 662, 669, 16 S.Ct. 1192, 41 L.Ed. 300 (1896)).

A post-trial ruling that the state violated the Double Jeopardy Clause would thus come too late. "Because the accused already has been  subjected to the ordeal of trial, overturning such a conviction is not a complete remedy for the double jeopardy violation." Id. at 1313. And "because full vindication of the right necessarily requires intervention before trial," Younger does not apply. Id. at 1312.

Excess of Jurisdiction and "Bad Faith" go hand in hand. And so without any Criminal Information, concurrently my Double Jeopardy, Speedy Trial, and Bail Hearing rights were violated. (see **Exhibit X-3, X-5, and X-10**).

The United States Supreme Court recognized an **<u>irreparable harm exception</u>** to Younger. See World Famous Drinking Emporium, Inc. v. City of Tempe , 820 F.2d 1079, 1082 (9th Cir. 1987) (explaining that Younger does not apply "under extraordinary circumstances where the danger of irreparable loss is both great and immediate"). **<u>"It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury."</u>** Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012).

Second, the 9th Circuit Court has held that Younger does not apply where a petitioner raised a due process challenge to his pretrial detention. Bean v. Matteucci, 986 F.3d 1128, 1132 (9th Cir. 2021). In Page v. King, the court held that abstention was inappropriate for a challenge to pretrial detention

on the basis of a stale and scientifically invalid probable cause determination. Id. at 904. As the panel explained, if the petitioner was correct that his pretrial rights were violated, "then regardless of the outcome at trial, a post-trial adjudication of his claim would not fully vindicate his right to a current and proper pretrial probable cause determination." Id.

Similarly, in Arevalo, the court held that Younger abstention did not apply to a pretrial detainee's claim that he had been incarcerated for over six months without a constitutionally adequate bail hearing. 882 F.3d at 766–67. As we explained, "deprivation of physical liberty by detention constitutes irreparable harm," and abstention was inappropriate where that right could not fully be vindicated after trial. Id. at 767.

My cause of action is in regards to Judicial Usurpation and Prosecutorial Overreach. This court has ruled 60(b) Motions were only warranted for Judicial Acts in "Excess of Jurisdiction", or the right to be heard was denied as a recorded fact. (see **Pre-Trial Record**)

On May 29th, 2020 when Magistrate Olds and Prosecutor Pall conspired to deny me equal protection of the laws, they concurrently engaged in myriad procedural violations regarding a Criminal Prosecution in violation of the law of the land of the State of Idaho, and the Supreme law of the land as a member of the Union. As matter of fact they violate every Idaho Criminal Rule of Procedure, additional Idaho statutes, and Fundamental Constitutional Amendments, both State and Federal. And of course all that subjects them to criminal "Obstruction of Justice."

Regarding (**Exhibit X-1(b)**) the probable cause affidavit signed by Deputy Arnzen was only **_one page_** and did not state any elements of the alleged offenses. It was also not stamped as received by the Clerk of Court. Exhibit X-1 was provided to the Idaho Federal District Court in July 2020. Darla Wilkins declared she only had the one page in her record. (**Exhibit X-5**)

If you notice **Exhibit X-1(a)**, it is a fabrication that was created later after the court found out I was contesting the Lack of Probable Cause and no Criminal Information.

Good thing Darla Wilkins certified the record first. Within the hearing transcript typed by Darla Wilkins, you will notice Magistrate Olds never abides by **Idaho Criminal Rule 3, 4, and 10**. It is fact recorded Prosecutor Pall never filed a Criminal "Information" or sworn complaint. (**Exhibit X-5**). It is also fact recorded Exhibit X-1(a) is a forgery, in clear violation of **Idaho Criminal Rule 49(d)**.

Without a Probable Cause Hearing or any Criminal Information filed, Prosecutor Pall also violates the Notice Clause of the 6th amendment, and **Idaho statute 19-1302** is violated: Filing and endorsement of information. "All informations shall be filed in the court having jurisdiction of the offense specified therein by **the prosecuting attorney** as informant to which he **shall subscribe his name.**"

**Idaho Statute 19-102.** PROSECUTION BY INDICTMENT OR INFORMATION — EXCEPTIONS. Every public offense must be prosecuted by indictment, or information. (see **Exhibit X-10**)

Page 5 of 10

So without a Probable Cause Hearing or any Criminal Information signed by the Prosecution, not only does Magistrate Olds and Prosecutor Pall not acquire Personnel Jurisdiction, or subject matter jurisdiction, they never acquire "Plenary Power" either. Without adherence to the Criminal Rules of Procedure and the Idaho statutes protecting criminal defendants of Criminal Prosecutions, the Lewis County Court lost jurisdiction in the first instant. Without Fairness the case is void by **Fundamental Infirmity** offending traditional notions of fair play and substantial justice.

"**Denying defendants relief for clear violations of their procedural rights reduces the law to pretend-rules.**" United States v. Mechanik, 475 U.S. 66 (1986); citing United States v. Borello, 766 F.2d 46, 58 (CA2 1985); quoting United States v. Antonelli Fireworks Co., 155 F.2d 631, 661 (CA2) (Frank, J., dissenting). Adjudications require both the prosecuting party and the prosecuted party to follow some defined procedural process that serves to help check <u>prosecutorial intimidation or overreach</u>.

"The rights of access to the courts is not limited to protecting rights of access to justice of only those individuals who will ultimately prevail in judicial process but it reaches conspiracy, misconduct and unjustified acts and actions which impedes the due course of justice with the **intent to deny the individual equal protection of the law**." See Bell v. City of Milwaukee 746 F.2d 1205 (7th Cir. 1984); Also See McTigue, 60 F.3d 381, 382.

When the Lewis County Court violated my 6th Amendment right to the Notice Clause they Concurrently violated my 5th Amendment right to

Double Jeopardy protection, my 4th Amendment right to not be seized without probable cause, my 8th Amendment right to be protected from Excessive Bail, and my 14th Amendment right to have procedural due process, protection of my Fundamental Bill of Rights Amendments, and Equal Protection under the Idaho State law, to include Speedy Trial right.

**"<u>A judgment is 'void' where a court 'usurps a power without jurisdiction.'"</u>** Hoffler v. Bezio, 726 F.3d 144, 156 (2d Cir. 2013). <u>Many state courts have also echoed the traditional understanding, recognizing that jurisdictional defects "Void" judgments</u>. See, e.g., Commonwealth v. Martin, 476 Mass. 72, 76 (Mass. 2016); Sanders v. Frakes, 295 Neb. 374, 380 (Neb. 2016); People v. Castleberry, 398 Ill. Dec. 22, 25 (Ill. 2015); State v. Oerly, 446 S.W.3d 304, 307 (Mo. Ct. App. 2014); State v. Cramer, 192 Ariz. 150, 153–54 (Ariz Ct. App. 1998); Dike v. Dike, 75 Wash. 2d 1, 8 (Wash. 1968); Haynes v. Robbins, 158 Me. 17, 23–24 (Me. 1962).

Rule 60(b)(4) allows a party to seek relief from a "Void" judgment only in the rare instance where a judgment is premised either on a certain type of **jurisdictional error** or on a violation of due process that deprives a party of notice or the opportunity to be heard. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).

**<u>In this country the provisions in our Bills of Rights are limitations upon all departments of government.</u>** "Sense of fair-play shocked is not due process." (Congress Barred) Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737.

The prohibition against depriving the citizen or subject of his life, liberty, or property without due process of law is not new in the constitutional history of the English race. It is not new in the constitutional history of this country, and it was not new in the Constitution of the United States when it became a part of the Fourteenth Amendment, in the year 1866. Id at 101 Davidson v. New Orleans, 96 U.S. 97 (1878).

Prosecution by information was "an ancient proceeding at common law, which might include every case of an offense of less grade than a felony, except misprision of treason ... id at 538, Hurtado v. California, 110 U.S. 516, 532 (1884). The words, "due process of law" were undoubtedly intended to convey the same meaning as the words "**by the law of the land**," in Magna Charta. Lord Coke, in his commentary on those words (2 Inst. 50), says they mean due process of law.

The Constitutions which had been adopted by the several States before the formation of the federal Constitution, following the language of the great charter more closely, generally contained the words, "but by the judgment of his peers, or the law of the land." Murray's Lessee, 59 U.S. at 276. As in all State Legislature. Equal Civil Rights. "The Union of these States is perpetual" under the Constitution. The United States do *not* form a compact, but are a "country" bound together by "**national fabric**." Abraham Lincoln 1862. The union that Lincoln hoped to save was an agreement between the sovereign *people* of the United States, not the states themselves. And so, the president argued, the people of a particular state could not break away of their own volition.

"If denial of a Speedy Trial Act claim may only be reviewed on appeal from a conviction, then a remedy is not available to those who are

Page 8 of 10

ultimately acquitted (but who nonetheless suffer all the disadvantages which concerned Congress), nor to those who, perhaps worn down by a lengthy pre-trial delay, ultimately plead guilty." United States v. Mehrmanesh  652 F.2d 766 (9th Cir. 1980). The Court also held "the right to a speedy trial is offended by the delay before trial and not by the trial itself." This court has a duty to secure this right by providing relief now.

"Rule 60 is to be liberally construed in order that judgments will reflect the true merits of a case." 11 Wright & Miller, Federal Practice & Procedure § 2582 (3d ed. 2022) (emphasis added).

**A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere**. Pennoyer v. Neff, 95 U. S. 714, 95 U. S. 732-733 (1878).

"The Due Process Clause protects an individual's right to be deprived of life, liberty, or property **only by the exercise of lawful power**." J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 879 (2011) (plurality opinion). The district court's allocation of the burden of proof is a **conclusion of law** reviewed de novo. See Lopez v. Catalina Channel Express, Inc., 974 F.3d 1030, 1033 (9th Cir. 2020).

On May 29th, 2020 Lewis County Court was acting in "Bad Faith" and "Usurped" their authority/ "excess of jurisdiction", intentionally, maliciously, in effect "Goading" me to move for a mistrial. It is very blatant they have no Honor towards our nations' and the State of Idaho's Covenant, "Due Process."

Page 9 of 10

"It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012). Duty to Justice is a Slippery Slope.

Please Vacate   "Void" case CR31-20-0097. I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of January 2024 at Las Vegas, Nevada.

Jeromy Oelker (pro se)

Page 10 of 10



1775

# United States District Court

# District of Nevada

Jeromy Oelker

525 E. Bonanza Rd.

Las Vegas, NV 89101

_____

| | | |
|---|---|---|
| **Jeromy Oelker (pro se)** | ) | **No.  2:23-CV-01490____** |
| *Petitioner* | ) | **Documents in Support of** |
| | ) | **Civil Rule 60(b)(4)** |
| **vs.** | ) | **Motion to Vacate Judgment;** |
| | ) | **Declaration of Exhibits;** |
| **Magistrate Victoria Olds** | ) | **Table of Exhibits** |
| **Magistrate Paige Nolta** | ) | |
| **Prosecutor Zach Pall** | ) | |
| **Attorney Thomas Clark** | ) | |
| **Attorney Brennan Wright** | ) | |
| **Deputy Arnzen** | ) | |
| **Sheriff Davis** | ) | |
| **Lewis County Court, Idaho** | ) | |
| *Respondents*_____ | ) | |

All Exhibits are Official Court Records. Recently Clerk for the Court of Lewis County Idaho, Juanita Kirkland provided Exhibit X-1(a) and X-1(c). Exhibits X-1(b), X-3, X-4, and X-5 were provided by Attorney Thomas Clark's secretary Darla Wilkins. Exhibit X-10 I created. And Exhibit X-11 is from the Idaho portal Case look-up feature. Exhibit L is a copy of the recent emails sent by Juanita Kirkland.

I declare under the penalty of perjury the Exhibits are Authentic on this 29th day January 2024.

Jeromy Oelker (pro se)

## **Table of Exhibits**

X-1(a)-- Counterfeit Probable Cause Affidavit 2020    (Attached)

X-1(b)-- Original Probable Cause Affidavit 2020    (Attached)

X-1(c)-- Ante Dated Probable Cause Order    (Attached)

X-3-- Hearing Transcript (05-29- 2020)    (Attached)

X-4-- Citation 2020    (Attached)

X-5-- Darla Wilkin's Email (10-13-2020)    (Attached)

X-10-- Idaho Rules and Statutes    (Attached)

X-11-- Lewis County 2020 Docket    (Attached)

L-- Clerk Kirkland Email    (Attached)

Page 2 of 2



1775

# Exhibit X-1(a)

Ante-Dated Probable Cause Affidavit never received by Darla Wilkins.

Notice there is no Clerk Stamp as Original in violation of Idaho Criminal Rule 49(d).

When you compare it to Exhibit X-1(b), you will conclude there is no case number, or facsimile time stamp. Exhibit X-1(b) was filed with the Idaho District Court in July 2020 under SEAL.

You will also conclude there is no page number on Exhibit X-1(b).

Furthermore the Probable Cause Affidavit never included a typed statement. Darla Wilkins only received 1 page (Exhibit X-1(b)).

Filed: 05/29/2020 09:53:04
Second Judicial District, Lewis County
Alesia Winner, Clerk of the Court
By: Deputy Clerk - Smith, Monica

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF
IDAHO, IN AND FOR THE COUNTY OF LEWIS

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | COURT CASE #**CR31-20-0097** |
| | ) | |
| Plaintiff, | ) | DEPT CITE/CASE # 2020-00392 |
| vs. | ) | |
| | ) | AFFIDAVIT SUPPORTING INITIAL |
| | ) | DETERMINATION OF PROBABLE |
| Jeromy J. Oelker | ) | CAUSE PURSUANT TO I.C.R.5(C) |
| Defendant. | ) | |

STATE OF IDAHO      )
                    )      ss.
County of Lewis     )

 Your affiant, the undersigned police officer, being duly sworn, deposes and says under oath as follows:

 1. Your affiant is a duly qualified peace officer serving with the Lewis County Sheriff's Office.

 2. There is probable cause to believe that the crimes of   Domestic Battery and Resisting and Obstructing an Officer, Idaho Code Sections I.C. 18-918 (3) (b) and I.C. 18-705, has been committed and that the above-named defendant has committed it. The defendant **has** been arrested, and your affiant asks that the Court determine whether probable cause exists.

 The facts upon which affiant relies in believing there is probable cause for said stop and/or arrest are set out in the following narrative and any reports and documents attached hereto.

I declare under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

Dated: 5-28-20    Signed: _____

        Affiant/Police Officer

AFFIDAVIT SUPPORTING INITIAL
DETERMINATION OF PROBABLE
CAUSE PURSUANT TO I.C.R.5(C)

Lewis County Sheriff's Office
Report #2000392

05-28-2020

Chief Deputy Philip Arnzen

Location: 611 Florence Ave, Craigmont ID County of Lewis

Domestic Battery: 18-918 (3)(b)
Resisting and obstructing an Officer: 18-705

Reporting Party/Victim: Vivian Baxter D.O.B  01-10-1949

Suspect: Jeromy J Oelker  D.O.B 05-04-1980

On the 28th of May 2020 at approximately 1034 hours, I Chief Deputy Philip Arnzen, a certified Deputy with the Lewis County Sheriff's Office, was informed of a domestic in progress, I was advised by the Lewis County dispatch the address would be 611 Florence in the City of Craigmont, County of Lewis.

I recognized the address as an address that I have responded to in the past for domestic investigations, I contacted the Lewis County Dispatch Via county issue cell phone to gather more information. I was advised that Vivian Baxter and Jeromey Oelker are having a domestic, I advised Lewis County Dispatch that I would be in route. While responding dispatch was keeping me informed with information, I was advised that she had gotten another 911 call that was dropped but she could her screaming in the background, dispatch advised that she was paging out medical and I had other units responding. I then got another radio communication from dispatch she got another 911 call and advised that she could still hear screaming, I advised Dispatch that I would be responding direct and not waiting for back up.

As I was arriving on scene at approximately 1049 hours, Dispatch advised that she lost contact with her, she heard a scream then the phone hung up, at that time I believed Vivian to be in life threatening danger. As I was approaching the house, I could hear screams coming from what appeared to be an upstairs window on the North-West part of the residence, I began to knock on the door and announce myself, "LEWIS COUNTY SHERIFF"S OFFICE." I knocked and announced again, at that time I was getting ready to kick in the door, I feared that with Vivian's age and Jeromy Oelkers size that she could be getting badly hurt.

The door opened rapidly and Vivian who I recognized came running out the front door, I then Heard Jeromy, who I recognized from previous contacts state " Im here, we are ok." Jeromy states that she is having an episode, I advise Jeromy to relax due to the fact that he seemed to be upset about something. I ask Jeromy to do me a favor and to turn around, I wanted to make sure for the safety of everyone on scene that Jeromy did not have any weapons, I advise Jeromy that he is not under arrest and that I wanted to check him for

Lewis County Sheriff's Office
Report #2000392

weapons. Jeromy instantly puts his hands in his pockets and pulls out two sets of keys and a cell phone and drops it on the ground, I gained control of Jeromy and he turned and faced the wall, I was attempting to explain to Jeromy what I was doing and what was going on, I was having Jeromy place his arms behind his back and began to resist, I advised Jeromy to "stop. "Jeromy started to turn and try to pull his hands away from me, I continued to have control over Jeromy and he complied with going in to wrist restraints. While I was getting Jeromy in to restraints he kept telling Vivian that it wasn't fair, While trying place Jeromy into restraints I had a malfunction with my wrist restraint and Jeromy complied and kept his hands behind his back.

As I was getting Jeromy into a pair of wrist restraint that worked, he began to yell at the neighbors. Vivian then walked around the corner and I had lost sight of her, this concerned me because I was not able to make sure that she was not injured. Jeromy called for Vivian asking for her to come back. I had Jeromy sit on the front steps of the house so that I could continue my investigation, Jeromy became very loud and started yelling, I advised Jeromy to stop yelling or I was going to put him in my car, Jeromy continued to yell, I advise Jeromy to get up, Jeromy stiffened his legs not complying with my order to stand up, Jeromy kept calling out for Vivian and was not complying with my commands to stand up. I lifted Jeromy off of the stairs and he continues to resist me by buckling his legs, we both fell to the ground, Jeromy continued to resist, I placed my hand on his head holding him to the ground so he could not get up, I called dispatch Via radio and advised to have my back up expedite. As me and Jeromy fell to the ground my left leg had gotten pinned under his body. The only way I could keep Jeromy to the Ground was to hold him down by his head. I got my left leg out from under Jeromy and he continued to scream and resist, I ask Jeromy multiple times to stop, Jeromy would go through times of anger then he would be calm and compliant.

Jeromy started to scream for someone to get the President, Jeromy stated that Trump knows him. Jeromy again began to scream at the neighbors, Jeromy repeatedly kept screaming about how Vivian was doing drugs.

Jeromy continued to scream about money and other issues, Jeromy then attempted resist the wrist restraints, I advised him to stop and he continued to resist, I again advised him to stop resisting, for approximately 10 minutes I had to keep Jeromy restrained on the ground while waiting for back up, I got Jeromy calmed down enough for me to sit him up and give him a break from being on his stomach.

As Jeromy was being placed in a seated position, tribal police Officer Auberton arrived on scene, I advised him to have medical come on scene to have Vivian and Jeromy check out. While I was talking to the Tribal Officer, Jeromy continued to yell at Vivian. I had Office Auberton take control of Jeromy so I can get medical attention for Vivian and Jeromy.

I then made contact with Vivian, Vivian was sitting on the east facing side of the house, Vivian appeared to be visually upset, I asked Vivian to come talked to me out of the sun, as Vivian was walking up to me Jeromy yelled that she didn't need to talk to me. Jeromy continued to yell at Vivian and I could tell that it was upsetting her. I asked Vivian how she was doing and she advised that she needed to take her morning medicines.

Lewis County Sheriff's Office
Report #2000392

I asked Vivian if she would like to go inside and talk where we can't hear him yell and she shook her head yes. As I was talking to Vivian other Deputies and Officers that had responded on scene and assisted taking Jeromy and placing him into the back of a patrol unit. Jeromy continued to yell at Vivian while I was escorting her to the house.
As I was starting to talk to Vivian about what had occurred, E.M.S walked into the house to check Vivian, the EMT's began to ask questions, Vivian stated that he (Jeromy) pushed me down on the kitchen floor again, Vivian stated "this is something that is not new".  Vivian advised that Jeromy was throwing her thing around and was throwing things down the hallway. Vivian advised the EMT's that she didn't want to get hurt anymore. While Vivian was talking to EMT's she began to become more emotional about what had happened. The EMT's asked if he had hit her, Vivian stated that he had just grabbed her, Vivian made a motion with her left had grabbing her right forearm indicating what Jeromy had done. While the EMT's were talking to Vivian, Vivian advised that she has been having domestic issue with Jeromy since he has gotten out of Jail, Vivian advised that she has had to threaten to call the Sheriff several times.
One of the EMT's asked Vivian, is the only place he grabbed you on your arms and she shook her head yes.

I asked Vivian if Jeromy pushed her down in the hallway and she stated that it was in the kitchen. I asked Vivian in hit her with a fist or slapped her and she shook her head no. Vivian advised that he grabbed her by the arm and stated that she was already getting a red mark, I did observe a small red in color mark on Vivian's right forearm. I asked Vivian if she need to go to the hospital, Vivian advised that she didn't think that she needed to, she stated "I thinks that i got him before he started hurting me".
I ask Vivian if he took her down with one arm or two and she stated two.

I talk to Jeromy, I advised him that I'm going to have EMS check him out, I observed that Jeromy had abrasions on his face from the altercation with myself.
I advise Jeromy that he is not free to go and that I am conducting an investigation.
Jeromy stated that he was trying to fix the dry wall and that Vivian has Lyme disease and she can't stand sound and she panicked.
Jeromy stated that she is on a lot of medication and she says a lot of thing and you don't know what is serious.
I asked Jeromy what was the screaming when I got on scene and he stated that is was probably him yelling, I advised that I could hear her yelling and Jeromy stated that he doesn't remember. Jeromy was then given a drink of water, I asked Jeromy to talk to me and not talk to everyone else on scene.
I stated to Jeromy that we got a 911 call and we could hear screaming in the back ground, Jeromy stated that he was cleaning, I asked how did Vivian get knocked to the ground, he stated that he never saw her go to the ground. Jeromy stated that he was moving card board and she had un-diagnosed Lyme disease and she can't stand sound,
Jeromy stated that she has Lyme disease and she panicked and that is all he knows.
I asked if there was any hitting, punching. Jeromy stated that there was not hitting and nobody knocked anybody over.

Lewis County Sheriff's Office
Report #2000392

I asked Jeromy if she had fallen to the ground or tripped on something. Jeromy stated that she was on ground in the bed room talking on the phone. I asked Jeromy how she got on the ground and he stated she must have walked, Jeromy stated that he heard her yelling and went into see what she was doing.

I went back inside the residence to check on Vivian again and make sure that she still didn't need an ambulance. I ask Vivian to explain to me again that had happened again, Vivian Explain that Jeromy wanted to do some work on the inside of the house and she wanted him to do some outside work. Vivian continues to talk about issues that she is having with Jeromy and packing boxes and other household issues she is having with him. I get Vivian redirected to what had happened today.

I advised that when I got on scene that I could hear some screaming, Vivian stated that she was asking him to stop, I asked Vivian what he was doing and she stated that he was taking over the phone. Vivian stated that she tried to call twice and he took the phone from her, I asked if he took the phone and tried to talk to dispatch, Vivian stated yes, I asked Vivian is she is the one that hung the phone up and she stated that she hung the phone up and once Jeromy talk to whoever.
I then talk to Vivian about how she got to the ground, Vivian stated that it was before she called. Vivian stated that Jeromy was moving her stuff out, Vivian stated that she was going to the kitchen and that if Jeromy get to close to her he will grab her. I ask if she was trying to get away from him and she shook her head yes.
I asked Vivian if the argument was getting heated in the living room and that is why she was trying to go to the kitchen, Vivian shook her head yes. I asked Vivian if it got physical in the living room and she stated that she tried to stay back away so he can't grab her. Vivian stated that about a month ago that he grabbed her and ripped her clothing off.
I asked Vivian what happened when he followed her into the kitchen, Vivian stated that she told him to leave and that she called the Sheriff.
I clarified with Vivian on when she went to the ground, because I was un-clear as to when she was taken to the ground, Vivian stated she went to the ground in the kitchen when Jeromy took her to the ground.
Vivian stated that Jeromy has a way of being gentile while putting a person to the ground and then you are at his mercy.
I asked Vivian if she was pinned to the ground and she stated that she couldn't get up. Vivian stated that there is no way she can physically move once he puts her on the ground.
I then checked to see if Vivian had any marks or bruising, I couldn't see any new mark other than the same mark that I observed on her right arm, I then had a female EMT come and check Vivian's back for any marks or bruising, the EMT advised that she had no visible marks.

Vivian advised that she had perjured herself on the stand, I advised her of my concern about that and I confirmed that she was being honest, I believe that Vivian was telling the truth.

Lewis County Sheriff's Office
Report #2000392

Jeromy asked me to recover his wallet and two credit cards, I followed Vivian in the basement, the basement had Jeromy's belongings in it, Vivian was not able to recover the wallet, two credit cards were located by Vivian, and the credit cards were taken to the Lewis County Jail and placed into Jeromy's property

I advised Jeromy that he was being placed under arrest for domestic battery and resisting and obstructing an Officer. Jeromy was transported to the Lewis County Jail by the Nez Perce Tribal Police. Jeromy was Cited for Domestic Battery Idaho code 18-918(3)(b) and resisting and obstructing an Officer Idaho code 18-705. A copy of the citation was placed in Jeromy's property in the Lewis County Jail.

Nothing Futher.

Chief Deputy Philip Arnzen                                    05-28-2020

/*php if ($picture) { print $picture; }*/?>

# I.C.R. 49. Service and Filing of Papers.

### Idaho Criminal Rule 49. Service and Filing of Papers

**(a)  Service, When Required.** Written motions, other than those which may be properly heard ex parte, written notices, and similar papers must be served on each party and filed within the time and in the manner provided by the Idaho Rules of Civil Procedure.

**(b)  Service by Electronic Means.** Service may be made on an attorney for a party by transmittal of a copy of the document to the office of the attorney by electronic means, including by email or facsimile. This rule does not require an attorney to have a facsimile machine.

**(c)  Notice of Orders.** Immediately on the entry of an appealable order or judgment the clerk of the court must serve a copy of it, with the clerk's filing stamp indicating the date of filing, on the prosecuting attorney and on each defendant or the attorney for the defendant. Service may be by mail or personal delivery, or to an attorney by electronic means. Mailing or personal delivery, or service by electronic means on an attorney, is sufficient notice for all purposes under these rules. Lack of notice of entry of an appealable order or judgment does not affect the time to appeal or to file a post-trial motion within the time allowed, except where there is no showing of mailing or delivery by the clerk in the court records and the party affected thereby had no actual notice.

**(d)  Filing.** Documents required to be served must be filed with the court in the manner provided for civil actions in the Idaho Rules of Civil Procedure. Any document, except an information or complaint, a search warrant, a warrant of arrest, or a return on a warrant or service of a search warrant, or any document filed as proof of incarceration of a party to the action, may be transmitted to the court for filing by a facsimile machine process. The clerk must file stamp the facsimile copy as an original and the signatures on the facsimile copy will constitute the required signature of a party or the attorney. Filings may be made only during the normal working hours of the clerk and only if there is a facsimile machine in the offices of the filing clerk of the court. Provided, documents over 10 pages in length may not be filed by facsimile machine. Following the service of a subpoena, the person serving the subpoena may make return of it to the person who requested the subpoena rather than making return with the court.

**(e)  Additional Service on Out-of-County Judge.** If the office of a presiding judge is outside the county in which an action is pending, each party to the action must, when reasonably possible, lodge with the presiding judge, at least five days before the trial or hearing, at his or her office, all briefs and copies of motions, notices, orders to show cause, proposed instructions, or any other pleadings or documents that are reasonably necessary to advise the court of the nature of any proceeding or hearing to be held in the action. This requirement is in addition to the lodging or filing of the originals with the court of record and the service of copies on the parties if required by these rules.

(Adopted February 22, 2017, effective July 1, 2017.)

# Exhibit X-1(b)

Darla Wilkins only received 1 page.

Exhibit X-1(a) was Ante-Dated and never received by Darla Wilkins. (see Exhibit X-5)

Notice there is no Clerk Stamp as Original in violation of Idaho Criminal Rule 49(d).

When you compare it to Exhibit X-1(b), you will conclude there is no case number, or facsimile time stamp. Exhibit X-1(b) was filed with the Idaho District Court in July 2020 under SEAL.

You will also conclude there is no page number on Exhibit X-1(b).

Furthermore the Probable Cause Affidavit never included a typed statement.

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF
IDAHO, IN AND FOR THE COUNTY OF LEWIS

| STATE OF IDAHO, | ) | |
| | ) | COURT CASE # _____ |
| | ) | |
| Plaintiff, | ) | DEPT CITE/CASE # 2020-00392 _____ |
| vs. | ) | |
| | ) | AFFIDAVIT SUPPORTING INITIAL |
| | ) | DETERMINATION OF PROBABLE |
| _____ Jeromy J. Oelker _____ | ) | CAUSE PURSUANT TO I.C.R.5(C) |
| Defendant. | ) | |

STATE OF IDAHO     )
                    )   ss.
County of Lewis      )

Your affiant, the undersigned police officer, being duly sworn, deposes and
says under oath as follows:

1. Your affiant is a duly qualified peace officer serving with the Lewis County
Sheriff's Office.

2. There is probable cause to believe that the crimes of Domestic Battery and
Resisting and Obstructing an Officer. Idaho Code Sections I.C. 18-918 (3) (b) and
I.C. 18-705. has been committed and that the above-named defendant has committed
it. The defendant **has** been arrested, and your affiant asks that the Court determine   ← JO
whether probable cause exists.

The facts upon which affiant relies in believing there is probable cause for said
stop and/or arrest are set out in the following narrative and any reports and documents
attached hereto.

I declare under penalty of perjury pursuant to the law of the State of Idaho that the
foregoing is true and correct.

Dated: 5-28-20        Signed: _____
                                 Affiant Police Officer

AFFIDAVIT SUPPORTING INITIAL
DETERMINATION OF PROBABLE
CAUSE PURSUANT TO I.C.R.5(C)

# Exhibit X-1(c)

Darla Wilkins never received nor provided me with the Probable Cause Order.

Notice there is no Clerk Stamp as Original in violation of Idaho Criminal Rule 49(d).

Also notice the Clerk photo-shopped Magistrate Old's signature. Why would it have been filed with a Facsimile machine?

Also notice the Facsimile time stamp is the same font as the Clerks typing.

What happened was Prosecutor Pall fabricated it, and inserted it back into the record. But was most likely unable to get the Clerk for the Court to stamp it, and overlooked Idaho Criminal Rule 49(d).

You can also see Ante-dating on other Exhibits filed into this case.

Second Judicial District, Lewis County
Alesia Winner, Clerk of the Court
By: Deputy Clerk - Smith, Monica

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF LEWIS

STATE OF IDAHO
    Plaintiff,

v.

JEROMY J OELKER
3001 North South Hwy#118
Lewiston, ID  83501
    Defendant.

Case No. CR31-20-0097

Probable Cause Order

Idaho Criminal Rule 4

Upon review of the information provided under oath alleging the Defendant committed the offense(s) of:

| Count | Statute | Charge Description |
|-------|---------|--------------------|
| 1 | I18-918(3)(b) {M} | Battery-Domestic Violence Without Traumatic Injury Against a Household Member |
| 2 | I18-705 | Arrests & Seizures-Resisting or Obstructing Officers |

☐ The Court does not find probable cause to support the charges listed above, the Defendant is ordered released immediately, and no warrant shall be issued.

☒ The Court finds probable cause to believe the Defendant committed the crime(s) shown above:

    ☐ The Defendant shall be released on recognizance.

    ☐ The Defendant shall be held in lieu of bail in the amount of $_____.

    ☐ Bail shall be set in the amount in the bail schedule. I.M.C.R. 13.

    ☐ The following conditions are placed on the Defendant's release on recognizance or on bail: . [conditions of release]

    ☒ Bail shall be determined at arraignment.

    ☐ A warrant of arrest shall be issued setting bail in the amount of $_____.

    ☐ A summons shall be issued.

At arraignment, the Court may impose such reasonable terms, conditions and prohibitions of release as the court finds necessary in the exercise of its discretion. I.C.R. 46(e)(1).

Dated: _____
Signed: 5/29/2020 11:05 AM

_____
Judge

*Victoria Olds*

## CERTIFICATE OF SERVICE

I certify that on this date, I served a copy of the attached to:

Zachary Aaron Pall                    zpall@lewiscountyid.org                    [X] By E-mail

Alesia Winner
Clerk of the Court

Dated:_____ Signed: 5/29/2020 11:36 AM                    By: _____

Deputy Clerk

# Exhibit X-3

The Arraignment hearing transcript was redacted in violation of I.R.E.F.S. 15. Privacy Protections for Filings Made with the Court.

(d)(2) File the redacted document together with an un-redacted copy of the document. The un-redacted copy must be clearly identified as an un-redacted copy filed pursuant to this rule. The un-redacted copy is exempt from public disclosure pursuant to Idaho Court Administrative Rule 32; however, courts will share the un-redacted copy with other government agencies as required or allowed by law without court order or application for purposes of the business of those agencies.

Notice Exhibit X-5 I contested the Hearing Audio redaction and Darla Wilkins stated she received it from the Prosecution rather than the court reporter.

## TRANSCRIPT OF ARRAIGNMENT
*State of Idaho v. Jeromy Oelker*

Oelker  Jeromy Oelker


Oelker  That case can be dropped right now.  He clearly tripped me over.  My shoes are back there.  I'd like them to show you my shoes.

Judge  We are on the record CR21-97, State of Idaho v. Jeromy Oelker.  We have the public defender by video, Brennan Wright.  I realize Mr. Oelker you filled out your Notification of Rights and that you are going to retain private counsel.

Oelker  I'm going to represent myself today.

Judge  We also have Zachary Pall on behalf of the State.  I'll just leave Mr. Wright on there just in case you have any questions or would like to talk to him, but you are free to represent yourself today.  While I go over you Notification of Rights, and we go over the standard things that I go over at an initial appearance.  *Just goes over form and asks if he has questions about the form.*

Oelker  I mean I don't really know.  I would have to have a law book to figure that one out.

Judge  Okay, um, but you have read those rights and you wrote your initial, you initialed

Oelker  Well she told me I had to or we couldn't have a hearing so I did what she was telling me to do.

Judge  Okay.  Um, but your certainly, this is not the first time you've been in Court and you've acknowledged knowing your rights before.

Oelker  Again, I did for the same reason then.

Judge  Uh-huh.  Have you received a copy of the Complaint?  Have you seen that?

Oelker  I have not seen the Complaint.  I've only seen an initial document saying we are in court today.

Judge  Okay.  So, um,

Oelker  I'd like to make motion for full discovery absolutely.  Mr. Clark said to get everything done so I can save money.

Judge  Today is, um, the day first day - your initial appearance - so that is going to be stuff that you're going to be working on with your attorney at a future date.

Oelker   No, I'm going to be representing myself today.

Judge   Okay.

Oelker   Since we are here and he said that I can save money.

Judge   Right.

Oelker   And since we have all the information in evidence on hand.

Judge   I am telling you right now that discovery doesn't - I'm just advising you of your rights. I'm going to set bail. I'm going to decide whether or, if you will be released. I'm going to issue a No Contact Order and I'm going to set further proceedings. That's what's going to happen today.

Oelker   Well that's what we should do is just skip the charges and go straight to an open dialogue No Contact Order conference where we can actually talk with Vivian and get her to express what she's going through on medication.

Judge   No, I'm going to issue a No Contact Order where you're not going to get to talk to her at all.

Oelker   Well, if we have an open conference where we can talk to you.

Judge   No.

Oelker   That's what we should be doing. He's just being greedy trying to get another charge on me. Mr. Clark said this is going to get dismissed. Vivian has a history of incriminating herself from the last hearing, I'd like to remind you.

Judge   Okay, let's just

Oelker   It's the same thing. It's just a repeat thing. She is going to go in there and impeach herself.

Judge   You got to just let me get through this process okay. You got to let me get through this.

Oelker   Okay.

Judge   Alright.

Oelker   I'm just confused - your doing a couple different questions here.

Judge   Yeah. Um, so this is - there are two charges. The first is domestic battery under 18-918(3)(b) and the second is resisting an obstructing an officer under 18-705.

Oelker   Now are we here to bring justice for Vivian or generate revenue?

Judge  Now you don't talk right now.

Oelker  Okay

Judge  Let me get this - let me talk to you about this.  Under domestic battery, the possible penalty we got 3(b) in there.

Oelker  I just don't see why we aren't talking, having you express to her about the medication.  She is clearly going to tell you she's sick.  She clearly told you that last time.  She has - she gets out of order.  She didn't harm me, nobody harmed anybody.

Judge  Don't talk anymore.  I need to get through this.  Up to 6 months in jail, a fine of up to $1,000, court costs of $182.50, domestic violence evaluation will be required and follow any treatment recommendations, probation up to 2 years.  For the second charge, the resist/obstruct under 18-705, it's misdemeanor also up to 1 year in jail, fine of up to $1,000, courts costs $157.50, probation up to 2 year.  In addition, there is - I see a Notification of Subsequent Penalties for domestic violence, which you've also signed that indicates your understanding of the - that there can be incremental penalties for convictions within - second conviction within 1 year or 10 years of a first conviction.  And that's just to notify you if you were to have a conviction what would happen if there would be a second one.  Alright, this is a first convic - first charge today.  A first time d.v. charge today under 18-90 or 18-918.  Okay, do you understand that?

Oelker  I'm completely innocent of both charges Your Honor.

Judge  Okay, so that's what I'm going to do is I'm going to enter a Not Guilty Plea on your behalf today and you indicate that you are going to retain your own attorney.  You've already been in touch with Tom Clark.

Oelker  Yes.

Judge  Okay.  And so you would like to - you said you don't want to get a continuance but actually you want a continuance in order to get discovery you had said right? You need

Oelker  I mean, I don't see why we can't do discovery today.  There's not much there for evidence.

Judge  Yes, but that's just not the way the process works.

Oelker  I know you're not going to give me the discs in my cell, but as far as having it ready when Tom comes to bail me out, then at least we can go straight to a conference at that moment and save more money there. You got to understand all this money, I'm her trustee.  And I've explained this to you Mr. Pall who is maliciously prosecuting me - this will be the third time now.  Okay.   All we are doing is depleting her resources.  What do you want from her? Do you want her to pack up and move away?

Judge   Anything you say is not going to have any effect on me today. Okay. You are not, it's not me you need to convince.

Oelker   Well you're the Judge.

Judge   So anything - uh, I'm not the decision-maker in this case. Certainly not going to be the decision maker at this hearing.

Oelker   You have the right to administratively dismiss a case if the evidence don't meet the criteria of a crime.

Judge   So what we are going to do is we are going to talk about conditions of bail or release and then there is a request for a No Contact Order so let me ask Mr. Pall what the State's position is with regard to bail or release.

Pall   The State is requesting the bond be set at $15,000. Asking that a No Contact Order be issued and that be made as condition of any release and then I believe just your standard conditions beyond that.

Judge   Okay. Alright. And those conditions would be have no new felony or misdemeanor charges, appear in court, stay in contact with an attorney, do not appear in Court with drugs in your system, do not operate motor vehicle without valid insurance and a license, and comply with the conditions of a No Contact Order, and no disorderly or violent behavior in the courtroom. Is that correct Mr. Pall?

Pall   Yes Your Honor.

Judge   Okay. I apologize if you can't hear me very well. I'm trying to speak up, but I have a mask on so sometimes I think it muffles the sound. Okay. So let me ask you Mr. Oelker what your position is with regard to conditions of bail or release.

Oelker   Well one thing I appreciate is he didn't go on and on about all these false accusations that were erased from my record years ago. That was nice that we didn't have to hear that again. The reality is I am supporting Vivian. She's having medical problems. I'm supposed to be taking her to the doctors. Supposed to be getting her teeth done. We are still doing a vicious circle with you guys. I don't agree to a Contact Order at all because the reality is I want you to bring her in here and lets talk with her. She wants to hear you. She wants to hear a good adult like him and her. She needs - she doesn't have any kind of company. This COVID-19 thing is killing her. Okay I've been on the road chasing down minerals for the government and she's at home just suffering. So she blows up on me.

Judge   Mr. Pall have you, um,

Oelker   She needs me to be home Mr. Pall. I would do anything for you guys.

Judge   Obviously Ms. Baxter is not here but has she been in contact with you. Have you had contact

with Ms. Baxter.

Pall    We have not spoken directly. I have spoken with the officers who responded yesterday. At that point, there was indication that she did want a No Contact Order.

Judge   Okay and I have reviewed the Probable Cause Affidavit which indicates that that was

Oelker  Well I would ask that we follow up with her and she if she wants to go through with it. Because we know last time and these were heinous charges with far more

Judge   Okay.

Oelker  probable evidence on his side and this is nothing like that.

Judge   This is not the time for that Mr. Oelker. This is not the time to plead your case. I understand what you are saying.

Oelker  I'm not just pleading my case, I'm pleading process.

Judge   I know. I know. And so

Oelker  She shouldn't be having a restraining order unless she wants one. She's done this before.

Judge   I am going to, based on the Probable Cause Affidavit that I reviewed and also on the recommendation of the State, set the bail at $15,000

Oelker  And the bail thing, I didn't even get a chance to respond about that.

Judge   Well, okay, go ahead.

Oelker  Okay, I haven't been working as much. We don't have $15,000 to put on the line. I mean $5,000-$7,000 for a misdemeanor is fine, but $15 - he just doing it to the point where I can't even, just breaking her. It's all coming out of her money.

Judge   Okay

Oelker  I'm her trustee.

Judge   You were able to post bond last time, is that correct?

Oelker  Well, yeah, that was before COVID-19 and almost WWIII we are heading into.

Judge   How much are you brining in right now?

Oelker  Not much, $1,500 a month at most. Everything I'm spending on the Government to get our minerals for our rockets.

Judge   Are you working right now?

Oelker   I'm actually spending my money getting the minerals so we can get the rockets going.

Judge   But are you trucking or are you still doing trucking?

Oelker   I can be trucking, but they are not going to let me truck with an open charge.  As soon as they, they are going to ask me do you have any pending cases and I'm going to have to tell them the truth.  They are going to say no trucking.

Judge   So how much money do you have in the bank right now?

Oelker   Not much.  Not considering it's all supposed to go to her dental again.  We never got her dental.  The COVID-19 thing came and we just sat at home.

Judge   How much money do you have in the bank?  You didn't answer my question.

Oelker   $10,000.

Judge   Okay.  Then I'm going to leave it at $15,000.

Oelker   And that doesn't leave me with money to get back to a job, transportation.  You are telling me you want me to house away from my house of residence again.

Judge   So, um, what you are telling me is that you have $10,000 in the bank.

Oelker   And I have to pay a retainer and I have to have money to survive until we can go to a trial where she impeaches herself.  She's going to impeach herself.  She's broken the law and he's, Mr. Clark asked me to remind you

Judge   It's certainly not helping you.

Oelker   Well he told me to remind you.

Judge   Certainly not.

Oelker   It is going to get dismissed.

Judge   Yeah, yeah, I'm sure he did.  Okay so I'm going to set the

Oelker   He really did.

Judge   bond at $10,000 given, in light of the information

Oelker   So now I don't have retainer money.

Judge   and, um, certainly

Oelker   She makes her decision and we don't get anywhere.

Judge   let me make sure. I'm looking for, but I think I accidentally put it back in the wrong place,

Oelker   I would like to remind you that I've always gone to every one of these hearings that you guys prescribe. From the driving under suspension charge that was dismissed to this felonious charge that I strangled somebody charge - I went to every hearing. I've suffered everything this County has thrown at me and I've always shown up nobly to stand forth. I don't see why I'm being done like this. We need to get Vivian help. This should be about her. I'm willing to tell you anything you want to know and if you ask her the questions, you're going to see I'm the one being battered. I'm willingly being battered Mr. Pall. I love Vivian. She's my best friend. Nobody's ever loved me more than her. I would never hurt her. I've tried to protect her. If she was in a nursing home with this COVID thing, she would be dead.

Judge   Alright, so I'm, uh,

Oelker   I'm completely noble.

Judge   I'm going to set the bail at $10,000. You'll be able to talk to a bail bondsman about it and if you want your attorney to ask for less bail, then he can do that.

Oelker   He wants to get me out of here today.

Judge   At this time, based on your representations regarding wanting to have contact and not wanting a No Contact Order that's part of the reason I'm not going to O.R. you today. I'm going to set a No Contact Order to be in place for a year with the opportunity to - for that to be modified or otherwise changed at a later date.

Oelker   I'm sure once she finds out

Judge   You are not allowed to talk to her about it.

Oelker   I can see her

Judge   You are not allowed to

Oelker   I'm not going to, but unfortunately we share family. They don't want any of this to go on.

Judge   Okay.

Jailer   Jeromy, I've asked nicely numerous times

Oelker   I can't see her. I told you it's hard for me to - cause

| | |
|---|---|
| Judge | Just don't talk anymore. Okay, don't talk. Not this running dialogue. All you're doing is hurting yourself okay - don't, you were going to respond. What did I just say, don't talk. Alright so you are not to have contact, either personally or through another person, that includes any relatives, in any manner. In writing, through electronic means, through telephone, email, text, social networking or facsimile. Do not harass, stalk, threaten, use, attempt to use, or threaten to use of physical force, engage in any other contact that would place her in reasonable fear of injury. Do not knowingly remain within 300' of her. However, you may attend court proceedings involving her and communicate with your attorney about legal issues involving her. Do know knowingly go within, or remaining within, 300' of your residence in Craigmont. And, in addition, the only exception would be an officer assist to remove belongings necessary for employment or for where ever you are going to be staying. You will not be able to do that without an officer assisting. |
| Oelker | May I ask a question? |
| Judge | A violation of this order is a separate crime under Idaho Code § 18-920 for which no bail will be set until you appear before a judge. The maximum penalty is one year in jail or $1,000 fine. And only a Judge can modify this No Contact Order. |
| Oelker | May I ask a question? |
| Judge | Yes. |
| Oelker | Okay, last time when they did this they only gave me a few minutes to get my stuff. Okay, pretty much I'm moving out. I was already moving out. |
| Judge | You will not be able to move out. |
| Oelker | Okay. That point I'm trying to say |
| Judge | You will be given 15 minutes |
| Oelker | Okay, I have to get a trailer from U-haul to grab my mining equipment. |
| Judge | Nope |
| Oelker | To go back to work. |
| Judge | Nope. |
| Oelker | I work from home, that was the Governor's orders. So I have to take my work out of the house to go work. |
| Judge | Well you don't |
| Oelker | How are we going to do that? I only need to get my truck today. |

Judge   You don't necessarily have to do that, you talk to your attorney about it.

Oelker   He told me to bring it up now because he knows I can't go anywhere without my equipment.

Judge   Arrangements can be made where somebody else gets that out of the house for you, instead of you doing it, okay.

Oelker   It's all by the back door. Just like they did last time. There's nothing that will take more than 15 minutes, but I do need to pick up my truck and go get the trailer and then return with the trailer.

Judge   Sure. I thinks that's doable.

Oelker   It can all happen in 15 minutes.

Judge   That's totally doable.

Oelker   Okay so how do we make sure they have the information they need so there's no hiccups when I get out, I'm going to get my truck, I'm going to go to Lewiston for the night, grab a u-haul trailer in the morning and I would like to pick up my things at a convenient time

Jailer   I will give you a business card, you can all us.

Judge   Yep.

Oelker   Is that all appropriate then.

Judge   Uh-huh.

Oelker   That's all I wanted to clarify.

Judge   We want you working through them which it's also going to be a problem for you if you report - or if somebody else reports something happening when they don't know about it, it's going to bad. You'll end up back here.

Oelker   Last time this happened, they would not let me contact you to get permission.

Judge   You are not allowed to contact me.

Oelker   Okay. Well the point I'm trying to make is that what they said. We got to work that out with the Judge.

Judge   Yep. Exactly.

Oelker   So I want this in stone that I can get to my truck today and then go get a trailer and return tomorrow and get my equipment. Everything is on the floor in the garage.

Judge    Officer assist.  15 minutes.  Yeah, it sounds like you can get it.

Oelker   So do we need a memo or proof of this.  How are we going to

Judge    They are in here - they're hearing me.

Oelker   You are going to be working the weekend.
Jailer   We can discuss it

Judge    Okay.  Alright.  Very important because according to the probable cause affidavit she, Vivian is very alarmed and afraid so you need to follow that No Contact Order.  She doesn't want you to be around her right now.  So if I find out that you are around her and you violate this Order

Oelker   I would never do that, I don't need to be here.

Judge    the bond will increase.

Oelker   I'm only here to take her to the doctor.

Judge    substantially.  You are not here to do anything for her right now.

Oelker   What I mean was prior to this thing.

Judge    Yeah.

Oelker   I'm only kept taking a break from work to take her. She was just having a heat problem

Judge    I'm just telling you I believe what, I believe what she is telling the officers because they dragged it out of her.  And they've always had to drag it out of her.  Okay, Mr. Oelker so let's just do this the way its supposed to happen okay.  Let's just process this piece the way it's supposed to happen.  You can present your side and the State can present theirs.  And she doesn't want you around her

Oelker   Again, Vivian is going to testify

Judge right now.

Oelker   I understand. I don't need to break a restraining order *(female tell him to stop talking)* - I want her to feel confident that I'm agreeable.  *(Jeromy, let her finish)*

Judge    Alright.  So we are going to set this for an initial appearance - sorry a pretrial conference and we are going to set it, Mr. Oelker you are in the area, you are not traveling right now, is that correct?

Oelker   Well, yeah, I'm homeless.

Judge   Okay.

Oelker   You are putting me on the street again.  I have to go find lodging and a place to work *(let her finish)*

Judge   So, we are going to set this for June 16th does that work for you Mr. Pall.

Pall   That should be fine Your Honor.

Judge   I'm going to set it for 2:00 p.m. Of course, if Mr. Clark becomes involved, we may be moving that but

Oelker   That will be the goal.  And my other question is do I have to appear since it's a misdemeanor hearing if I have representation.

Judge   You have to - you have to appear at every hearing.

Oelker   Even with an attorney?

Judge   Um, absolutely.

Oelker   He told me with felonies you couldn't.  He didn't clarify misdemeanors.  Mr. Clark told me that last time.

Judge   Oh, um, in this - I live to have people at the pretrial conferences unless there is a reason why you can't attend you need to go through your attorney for that.  Okay

Oelker   Well

Judge   You have to request special permission not to be there.

Oelker   So it is something you would work with if he presented it properly.

Judge   That's correct and he always does.  Mr. Clark always does.  Um, any other questions.

Oelker   Well, again, I'd like to get that Arnzen video

Judge   About how things are going to go.

Oelker   Do your deputies often have hiccups when they are transferring the data off their cameras.

Judge   Okay.  So that's discovery.

Oelker   Is that something you've experienced?

Judge   The question I meant was about what happens next. No questions about what happen next. Okay. Alright. Then we'll be in recess.

<u>Track 2</u>

Oelker   Here we go again, same thing. We are not getting her help. All they are trying to do is procure her as a domestic violence victim. She's got a medical problem.

End

(2)   The redaction requirement does not apply to documents that are exempt from public disclosure pursuant to Idaho Court Administrative Rule 32.

(3)   The redaction requirement of an individual's date of birth does not apply to the defendant's date of birth on documents in criminal cases.

(4)   The redaction requirement of a minor's full name does not apply to documents related to a name change for the minor.

**(d)   Options when personal data identifiers are necessary.** A party filing a redacted document need not also file an unredacted version of the document; however, where inclusion of the unredacted personal data identifiers is required by the court, by statute or court rule, or is material to the proceedings in a document that is open to the public the party must choose the most appropriate option below:

(1)   File the redacted document together with a reference list that identifies each item of redacted information and specifies an appropriate identifier that uniquely corresponds to each item listed. The list must be clearly identified as a reference list filed pursuant to this rule and may be amended as of right. Any reference in the action to a listed identifier will be construed to refer to the corresponding item of information. The reference list is exempt from public disclosure pursuant to Idaho Court Administrative Rule 32; however, courts will share the reference list with other government agencies as required or allowed by law without court order or application for purposes of the business of those agencies.

(2)   File the redacted document together with an unredacted copy of the document. The unredacted copy must be clearly identified as an unredacted copy filed pursuant to this rule. The unredacted copy is exempt from public disclosure pursuant to Idaho Court Administrative Rule 32; however, courts will share the unredacted copy with other government agencies as required or allowed by law without court order or application for purposes of the business of those agencies.

Regardless of which option is selected, the filer must file the exempt from public disclosure document in compliance with Rule 6(b)(2)(B).

**(e)   Unredacted document inadvertently submitted**. If an unredacted document is inadvertently submitted without a reference list or redacted copy, then the filer must submit a redacted copy as soon as possible. In the "Comments to Court" the filer must identify the original unredacted document, the date it was submitted, and request that the original unredacted document be marked as exempt from disclosure.

**(f)   Parties to use caution.** Parties should exercise caution when filing papers that contain private or confidential information, including, but not limited to, the information covered above and listed below:

(1)   Medical records, treatment and diagnosis;

(2)   Employment history;

(3)   Individual financial information;

(4)   Insurance information;

(5)   Proprietary or trade secret information;

(6)   Information regarding an individual's cooperation with the government; and

# Exhibit X-4

A Citation is used for offences in which are Petty. See Federal Criminal Rule 58. Also a Citation does not suffice as a charging document because it does not clearly state the elements of the crime without violating the Double Jeopardy Clause. Also the Criminal Information must be ascribed by the prosecuting Attorney.

Without any Information, there lies no Elements. Under United States v. Du Bo, 186 F.3d 1177 (9th Cir. 1999), an indictment missing an essential element challenged before trial must be dismissed regardless of whether the omission prejudiced the defendant.

19-1303. STATEMENT OF OFFENSE CHARGED. The offense charged in all informations shall be stated with the same fullness and precision in matters of substance as is required in indictments in like cases, and in all cases defendant or defendants shall have the same rights as to proceedings therein as he or they would have if prosecuted for the same offense upon indictment.

"Undoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." United States v. Hess, 124 U. S. 483, 124 U. S. 487. See also Pettibone v. United States, 148 U. S. 197, 148 U. S. 202-204; Blitz v. United States, 153 U. S. 308. "The elements of the crime have to be ascertained, it is not sufficient to set forth the offence in the words of the statute." United States v. Carill 105 U.S. 611 (1882).

The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense. Bennett v. United States, 227 U. S. 333, 227 U. S. 338; Harrison v. United States, 200 F. 662, 673; United States v. Wills, 36 F.2d 855, 856, 857. Cf. Hagner v. United States, 285 U. S. 427, 285 U. S. 431-433.

**19-1302. Filing and endorsement of information.** All informations shall be filed in the court having jurisdiction of the offense specified therein by the prosecuting attorney as informant to which **he shall subscribe his name**.

**LEWIS COUNTY SHERIFF**

17297

## IDAHO UNIFORM CITATION

IN THE DISTRICT COURT OF THE __2ND__ JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF __LEWIS__
STATE OF IDAHO

VS.

**COMPLAINT AND SUMMONS**

☐ Infraction Citation
OR
☒ Misdemeanor Citation
☐ Accident Involved
☐ Commercial Vehicle Driven by this Driver
☐ Traffic Safety Education

Last Name: Oelker

First Name: Jeromy    Middle Initial: J

IPUC # _____ USDOT TK Census # _____

☐ Operator ☒ Class A ☐ Class B ☐ Class C ☐ Class D ☐ Other ____
☐ GVWR 26001 + ☐ 16 + Persons ☐ Placard Hazardous Materials DR# ____
Home Address 3001 Northand South Highway #118, Lewiston, ID 83501    Ph # ____
Business Address _____

THE UNDERSIGNED OFFICER (PARTY) HEREBY CERTIFIES AND SAYS:
I certify I have reasonable grounds, and believe the above-named Defendant,

DL or SS# KB162800G    State ID    Sex: ☒ M ☐ F
Height 5 11    Wt. 105    Hair BLO    Eyes Grn    DOB 05/04/1980
Veh. Lic.# ____ State ____ Yr. of Vehicle ____ Make ____
Model ____ Color ____
Did commit the following act(s) on 05/28 , 20 20 at 10:34 o'clock A M.

Vio. #1 Domestic Battery    18-918(3)(b)    Code Section

Vio. #2 resisting and obstructing an officer    18-705    Code Section

Location 611 Florence Ave, Craigmont, ID 83523
Hwy. ____ Mp. ____    LEWIS    County, Idaho.

Date 05/28/2020    Officer/Party ____    Serial #/Address 2101    Dept. LCSO

Date ____    Witnessing Officer ____    Serial #/Address ____    Dept. ____

THE STATE OF IDAHO TO THE ABOVE NAMED DEFENDANT:
You are hereby summoned to appear before the Clerk of the Magistrate's Court of the
District Court of __LEWIS__ County, __NEZPERCE__ , Idaho,
located at __LEWIS COUNTY COURTHOUSE__ on the ____ day of
____ , 20 ____ , at __1:30__ o'clock __P__.

510 OAK ST, NEZPERCE, ID 83543, 208-937-2251
I acknowledge receipt of this summons and I promise to appear at the time indicated.

In Custody
Defendant's Signature

I hereby certify service upon the defendant personally on 28 May , 20 20

Officer
NOTICE: See reverse side of your copy for PENALTY and COMPLIANCE instructions.

**DEFENDANT COPY**    CITY OF Craigmont

Defendant's Name: Oelker    LAST    FIRST    Jeromy    M.I. J

17297

# Exhibit X-5

Darla Wilkins email is the greatest piece of evidence to prove complacency and fraud.

1) No Criminal Information was ever filed.
2) The hearing Audio came from the Prosecutor.
3) The Probable Cause Affidavit was only ONE page.

The original Email was <u>forwarded</u> to the Idaho Federal District Court under SEAL. (see PACER)

(1,543 unread) - mamasboyrecords@yahoo.com - Yahoo Mail - RE: BAR ASSOCIATION          https://mail.yahoo.com/b/folders/1/messages/AAGOk04QC6uMX4XgvwanIFofxMg?.src=ym...

## RE: BAR ASSOCIATION

 **Darla Wilkins** <darla@clarkandfeeney.com>
To: j.oelker@yahoo.com

Oct 13 at 10:15

Print   Raw m

**4 Files**   795.3kB   Download All

| PDF 448kB | PDF 83kB | PDF 183kB | PDF 81kB |
|---|---|---|---|
| Citation Filed... | Court Record... | TRANSCRIPT ... | Transcript of ... |
| Download | Download | Download | Download |

\*I do not have a copy of a "Complaint". However, attached is the Citation that was issued to you (and you sign
before we appeared in the case.   I also did not have this in the file, but all one has to do is email the Clerk of t
Court and request a copy of it.  You also are able to contact the Court Clerk at 208-937-2251 to obtain copies
any documents you do not have for some reason.  Attached is a list of all the pleadings the Court has of record
your case that I printed this morning.  The Court can email them to you directly as well.

\*I have provided you with the transcripts previously.  I'll attach them again.  You should save them on your
computer.

\*I copied the recordings exactly how I received them and forwarded them to you previously by email on June
19th.  I then mailed all the recording to you on a CD on July 9th.  If you are not able to open them, then you sh
contact the Lewis County Prosecutor's office as I no longer have them available to me as I sent them to you in
format received by us.

---

**From:** j.oelker@yahoo.com <j.oelker@yahoo.com>
**Sent:** Friday, October 9, 2020 8:53 AM
**To:** Darla Wilkins <darla@clarkandfeeney.com>

(1,543 unread) - mamasboyrecords@yahoo.com - Yahoo Mail - RE: BAR ASSOCIATION          https://mail.yahoo.com/b/folders/1/messages/AAGOk04QC6uMX4XgvwanIFofxMg?.src=ym...

**Subject:** BAR ASSOCIATION


TO WHOM IT MAY CONCERN,

I STILL HAVE NOT RECEIVED THE COMPLAINT BY THE STATE, PLEASE SEND IT TO MY EMAIL, I ALSO NEED THE TRANSCRIPT RECORDINGS, THE DISC YOU SENT HAD FILES WHICH ARE NOT THE PROPER FORMAT FOR VIEWING.

THE BAR ASSOCIATION ASKED ME TO TRY ONE MORE TIME BEFORE OUR NEXT MEETING IN BOISE.

JEROMY OELKER

# Exhibit X-10

Without Criminal Information myriad Statutes and Idaho Criminal Rules of Procedure were violated in "Excess of Jurisdiction":

Idaho Statute 19-1302. Filing and endorsement of information.

Idaho Statute 19-102. PROSECUTION BY INDICTMENT OR INFORMATION.

Idaho Statute 19-1303. STATEMENT OF OFFENSE CHARGED.

Idaho Statute 18-7907. ACTION FOR PROTECTION.

Idaho Criminal Rule 3. Complaint; Initiation and Prosecution.

Idaho Criminal Rule 4. Determination of Probable Cause.

Idaho Criminal Rule 7(f). Indictment and Information.

Idaho Criminal Rule 10. Arraignment on Indictment or Information.


This is not all rights violated, but enough to reflect the Violation to the Law of the Land of Idaho, the denial of Equal Protection, and a Void Judgment.



# Idaho Statutes

Idaho Statutes are updated to the website July 1 following the legislative session.

```
                        TITLE 19
                  CRIMINAL PROCEDURE
                      CHAPTER 13
            INFORMATION AND PROCEEDINGS THEREON
    19-1302.  FILING AND ENDORSEMENT OF INFORMATION. All informations shall be filed in the court
having jurisdiction of the offense specified therein by the prosecuting attorney as informant to
which he shall subscribe his name.
History:
    [(19-1302) 1890-1891, p. 184, sec. 2; reen. 1899, p. 125, sec. 2; am. R.C., sec. 7656; am.
1913, ch. 41, p. 144; am. 1915, ch. 68, sec. 1, p. 176; reen. C.L., sec. 7656; C.S., sec. 8810;
I.C.A., 19-1202; am. 1989, ch. 343, sec. 1, p. 867.]
```

How current is this law?



# Idaho Statutes

Idaho Statutes are updated to the website July 1 following the legislative session.

```
                              TITLE 19
                         CRIMINAL PROCEDURE
                             CHAPTER 1
                       PRELIMINARY PROVISIONS
        19-102.   PROSECUTION BY INDICTMENT OR INFORMATION — EXCEPTIONS.  Every public offense must be
prosecuted by indictment, or information, except:
        1.   Where proceedings are had for the removal of civil officers of the state.
        2.   Offenses arising in the militia when in actual service, and in the land and naval forces in
time of war, or which this state may keep, with the consent of congress, in time of peace.
        3.   Offenses tried in justices, and probate courts.
History:
        [(19-102) Cr. Prac. 1864, sec. 6, p. 214; R.S., sec. 7351; am. 1899, p. 125; reen. R.C. & C.L.,
sec. 7351; C.S., sec. 8617; I.C.A., sec. 19-102.]
```

How current is this law?

 **Idaho Statutes**

Idaho Statutes are updated to the website July 1 following the legislative session.

```
                          TITLE 19
                     CRIMINAL PROCEDURE
                         CHAPTER 13
                 INFORMATION AND PROCEEDINGS THEREON
     19-1303.  STATEMENT OF OFFENSE CHARGED. The offense charged in all informations shall be stated
with the same fullness and precision in matters of substance as is required in indictments in like
cases, and in all cases defendant or defendants shall have the same rights as to proceedings therein
as he or they would have if prosecuted for the same offense upon indictment.
History:
     [(19-1303) 1890-1891, p. 184, sec. 3; am. 1893, p. 164, sec. 1; reen. 1899, p. 125, sec. 3;
reen. R.C. & C.L., sec. 7657; C.S., sec. 8811; I.C.A., sec. 19-1203.]
```

How current is this law?

# I.C.R. 3. Complaint - Initiation and Prosecution

**Idaho Criminal Rule 3. Complaint; Initiation and Prosecution**

The complaint is a written statement of the essential facts constituting the offense charged. It must be made on oath before a magistrate; except that, a prosecuting attorney may sign a complaint before a magistrate, without oath or affirmation, based on a sworn affidavit or declaration. Any affidavit or declaration supporting an unsworn complaint must be filed with the court. Except as otherwise provided by law or rule, all criminal proceedings must be initiated by complaint or indictment and prosecuted by complaint, indictment or information as provided by these rules.

(Adopted February 22, 2017, effective July 1, 2017.)

**Source URL:** https://isc.idaho.gov/icr3

Case 0:23-cr-01480-ABC-DJA   Document 22   Filed 01/30/24   Page 50 of 68

# I.C.R. 4. Warrant - Summons - Determination of Probable Cause

**Idaho Criminal Rule 4. Arrest Warrant; Summons; Determination of Probable Cause**

**(a)  Issuance of Arrest Warrant.** After a complaint is presented to a magistrate, (which may be in the form of the Idaho Uniform Citation for a misdemeanor), the magistrate may issue a warrant for the arrest of the defendant only after making a determination that there is probable cause to believe that an offense has been committed and that the defendant committed it.

(1)  *In General*.  The finding of probable cause must be based on substantial evidence, which may be hearsay in whole or in part, provided there is a substantial basis, considering the totality of the circumstances, to believe probable cause exists for the warrant.  The magistrate may rely on information provided in the form of an affidavit or sworn oral statement.

(2)  *Warrant on an Affidavit*.  When a law enforcement officer or a prosecutor presents an affidavit or declaration in support of a warrant, the magistrate may require the affiant to appear personally and may examine under oath the affiant and any witness the affiant produces.

(3)  *Warrant on Sworn Oral Statement*.  When the magistrate bases his or her findings on a sworn oral statement, the statement must be recorded and is considered part of the record.  All sworn statements given in support of an application for a warrant must be given on oath or affirmation and must identify the speaker.

(4)  *Requesting a Warrant by Telephonic or Other Reliable Electronic Means*. A magistrate may issue a warrant based on information communicated by telephone or other reliable electronic means.  The affidavit or sworn oral statement as recorded must be filed with the clerk of the court, and transcribed by the court upon request.

**(b)  Issuance of Summons.** After a complaint is filed with a court, (which may be in the form of the Idaho Uniform Citation for a misdemeanor), the magistrate, or the clerk of the court, may issue a summons requiring the defendant to appear before the court at a time certain without first making a determination of whether there is probable cause.

**(c)  Issuing Arrest Warrant or Summons, Preference for Summons.** If the magistrate finds probable cause for a complaint, in determining whether a warrant or summons should issue, the magistrate must give preference to the issuance of a summons. In making the determination as to whether to issue a warrant or summons, the magistrate must consider the following factors:

# I.C.R. 7. Indictment and information

**Idaho Criminal Rule 7. Indictment and Information**

**(a)  Use of Indictment or Information.** All felony offenses must be prosecuted by indictment or information.

**(b)  Nature and Contents.** The indictment or information:

(1)  must be a plain, concise and definite written statement of the essential facts constituting the offense charged;

(2)  need not contain a formal commencement, a formal conclusion or any other matter not necessary to the statement;

(3)  must not contain any reference to the procedural history of the action; and

(4)  must state, for each count, the official or customary citation of the statute, rule or regulation or other provision of law that the defendant is alleged to have violated, but error in the citation or its omission is not grounds for dismissal of the indictment or information or for reversal of the conviction if the error or omission did not mislead the defendant to the defendant's prejudice.

Allegations made in one count may be incorporated by reference in another count. A single count may allege that the means by which the defendant committed the offense are unknown or that he committed it by one or more specific means. The information must be signed by the prosecuting attorney.

**(c)  Two-Part Indictments or Informations.** In all cases in which an extended term of imprisonment is sought because of a prior conviction or convictions, the indictment or information must state the facts on which the extended term of imprisonment is sought. Those facts must not be read to the jury unless the defendant has been found guilty of the primary charge. If the defendant is found guilty of the primary charge, the issue or issues involving the extended term of imprisonment must then be tried.

**(d)  Surplusage.** The court, on motion by either party, may strike surplusage from the indictment or

information.

**(e)  Amendment of Information or Indictment.** The court may permit amendment of a complaint, an information or indictment at any time before the prosecution rests if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

**(f)  Filing of Information.** The prosecuting attorney must file an information within 14 days after an order has been filed by the magistrate in the district court holding the defendant to answer, unless more time is granted by the court for good cause shown.

(Adopted February 22, 2017, effective July 1, 2017.)

**Source URL:** https://isc.idaho.gov/icr7

# I.C.R. 10. Arraignment on Indictment or Information

**Idaho Criminal Rule 10. Arraignment on Indictment or Information**

**(a)  In General.** After an indictment or an information has been filed with the district court, the defendant must be arraigned on it by the court. The defendant must appear in person at the arraignment. The arraignment must be within 30 days after the filing of an information. If an indictment has been filed, the arraignment must take place:

(1)  within 30 days of service of the summons if a summons has been issued;

(2)  within 30 days of the defendant's initial appearance in the county issuing the indictment if a warrant has been issued following the indictment, and if the defendant is not in custody in the county in which the indictment is filed; or

(3)  within 30 days of the filing of the indictment in all other cases.

**(b)  Right to Counsel.** If the defendant appears for arraignment without counsel, before being arraigned, the defendant must be informed by the court that defendant has the right to have counsel either of defendant's own selection, or if indigent, by court appointment. The defendant must be asked if defendant desires counsel and if defendant is able to provide his own counsel. If the defendant desires counsel and is found to be indigent as defined by Idaho Code § 19-854, the court must appoint counsel to represent the defendant. No proceedings may take place before the appointment of counsel or until the defendant has had a reasonable period of time to obtain counsel unless the defendant waives the right to counsel.

**(c)  Arraignment.** Arraignment must be conducted in open court and consist of reading the indictment or information to the defendant or stating to the defendant the substance of the charge and requiring the defendant to plead to it. The defendant may waive the reading of the indictment or information. The defendant must be given a copy of the indictment or information before the defendant is required to plead. The defendant must be informed that if the name that appears on the indictment or information is not defendant's true name, the defendant must then state defendant's true name or be proceeded against by the name in the indictment or information. If, on the arraignment, the defendant requires time to enter a plea, the defendant must be allowed a reasonable time, not less than one day, in which to answer the indictment or information.

**(d)  Method of Securing Defendant's Appearance.**

# Exhibit X-11

Aside from the fact the Lewis County Court never acquired Plenary Power without a signed Information, also notice that no protection order hearing was scheduled in accordance with Idaho Statute 18-7907(3).

The Arraignment occurred on May 29th, 2020. The Protection Order Hearing should have been held by June 12th, 2020.

 **Idaho Statutes**

Idaho Statutes are updated to the website July 1 following the legislative session.

TITLE 18
CRIMES AND PUNISHMENTS
CHAPTER 79
MALICIOUS HARASSMENT

18-7907.  ACTION FOR PROTECTION. (1) There shall exist an action known as a "petition for a protection order" in cases where a person intentionally engages in the following conduct:

(a)  Stalks, in any degree, as described in sections 18-7905 and 18-7906, Idaho Code;

(b)  Telephones another with the intent to terrify, threaten, or intimidate such other person and addresses to such other person any threat to inflict injury or physical harm to the person addressed or any member of his family and engages in such conduct with any device that provides transmission of messages, signals, facsimiles, video images, or other communication by means of telephone, telegraph, cable, wire, or the projection of energy without physical connection between persons who are physically separated from each other; or

(c)  Based upon another person's race, color, religion, ancestry, or national origin, intimidates or harasses another person or causes, or threatens to cause, physical injury to another person or damage to any real or personal property of another person.

(2)  A person may seek relief from such conduct for himself, his children or his ward by filing a verified petition for a protection order with the magistrate division of the district court, alleging specific facts that a person for whom protection is sought was the victim of such conduct within the ninety (90) days immediately preceding the filing of the petition and that such conduct is likely to occur in the future. Evidence of such conduct occurring prior to such ninety (90) day period may be admissible to show that conduct committed within the ninety (90) day period is part of a course or pattern of conduct as described in subsection (1) of this section and may be admissible as otherwise permitted in accordance with court rule and decisional law.

(3)  Upon the filing of a verified petition for a protection order, the court shall hold a hearing within fourteen (14) days to determine whether the relief sought shall be granted unless the court determines that the petition fails to state sufficient facts to warrant relief authorized by this section. If either party is represented by counsel at such hearing, the court shall grant a request for a continuance of the proceedings so that counsel may be obtained by the other party. Such order may require either the petitioner or respondent, or both, to pay for costs, including reasonable attorney's fees.

(4)  Upon a showing by a preponderance of the evidence that a person for whom protection is sought in the petition was the victim of conduct committed by the respondent that constitutes conduct as described in subsection (1) of this section, within ninety (90) days immediately preceding the filing of the petition, and that such conduct is likely to

Filed: 05/29/2020 11:43:35
Second Judicial District, Lewis County
Alesia Winner, Clerk of the Court
By: Deputy Clerk - Smith, Monica

# IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE
## STATE OF IDAHO, IN AND FOR THE COUNTY OF LEWIS

State of Idaho
    Plaintiff,
vs.
Jeromy J Oelker
    Defendant.

Case No. CR31-20-0097

No Contact Order I.C. 18-920 - I.C.R 46.2

☒ Original          ☐ Amended

DR#
Law enforcement agency: _LCSO_
Expires at 11:59 p.m. on _5/29/21_
or upon dismissal of this case, whichever occurs first

**Defendant's Identifiers:**
D.O.B.: 05/04/1980 Gender: Male Race: _____

Protected Person(s) Identifiers:

_Vivian Baxter_                          _01/10/1949_
Name (First, Middle, Last)               Date of Birth (optional)

_____                  _____
Name (First, Middle, Last)               Date of Birth (optional)

_____                  _____
Name (First, Middle, Last)               Date of Birth (optional)

TO THE DEFENDANT: You have been charged with or convicted of the following crime(s):

| Count | Statute | Charge Description |
|---|---|---|
| 1 | I18-918(3)(b) {M} | Battery-Domestic Violence Without Traumatic Injury Against a Household Member |
| 2 | I18-705 | Arrests & Seizures-Resisting or Obstructing Officers |

Relationship to protected person(s), if any: _household member/partner_

This COURT, having personal and subject matter jurisdiction, finds that a no contact order is appropriate and HEREBY ORDERS THAT, with regard to the protected person(s) named above, YOU must not engage in any of the following conduct:

[01]   Do not contact or attempt to contact, either personally or through another person, the protected person(s) named above in <u>any manner</u>, including: 1) do not communicate in person or in writing or through any electronic means, including telephone, email, text, through social networking, or facsimile 2) do not harass, stalk, threaten, use, attempt to use or threaten use of physical force, engage in any other conduct that would place the protected person(s) in reasonable fear of bodily injury 3) do not knowingly remain within _300_ feet of the protected person(s). However, you may attend court proceedings involving you and the protected person(s), and you may communicate through attorneys about legal issues involving you and the protected person. 4) do not go within and/or knowingly remain within _300_ feet of the following address(es):

[04]   Protected person's home: _1611 Florence Avenue, Craigmont ID_

Protected person's workplace: _____

Protected person's school: _____

[05]   ☒   THERE ARE NO EXCEPTIONS TO THE ABOVE ORDER AS TO PROTECTED PERSON A.



Page 1 of 3

☐ **THERE ARE EXCEPTIONS TO THE ORDER ABOVE AS FOLLOWS:**

☐ to contact by telephone between ____ ____.M. and ____ ____.M.
for the following purposes: _____

☐ to participate in court ordered mediation
☐ to provide for the exchange of children between the protected person and defendant  through:

_____

☐ to retrieve personal necessities from the residence/protected address one time through:

_____

☐ to respond to emergencies involving your natural or adopted children

☐ other: _____

03] ☒ **IF THIS ORDER REQUIRES YOU TO LEAVE A RESIDENCE SHARED WITH THE PROTECTED PERSON**, you may contact a law enforcement officer who may make arrangements to accompany you to the residence to remove items and tools necessary for employment and personal belongings. The officer may determine what constitutes necessary personal belongings. *15 minutes  for mining tools & mining trailer rental personal items.*

Yes ☒ No ☐ Defendant appeared or had actual notice of this hearing and the opportunity to participate.
If NO, then upon service, Defendant is notified of the right to request a hearing before a judge on this Order.  The request must be filed within 7 days of service. To request a hearing you must contact the clerk of the court at (address) 510 Oak Street Room #1  Nezperce ID  83543  (phone) (208)937-2251.The court must hold a hearing within 14 days of the filing of the request and must provide notice of the hearing to the protected person and the parties.

**A violation of this order is a separate crime under Idaho Code § 18-920**, for which no bail will be set until you appear before a judge.  The maximum penalty for a violation of this Order is one year in jail and/or up to a $1000 fine.  However, if the violation is a third offense, the violation is a felony, which is punishable by imprisonment in the state prison for up to five years and/or up to a $5000 fine. *If any other Civil Protection Order or Criminal No Contact Order is in place you must abide by the terms in the most restrictive order.* Dismissal of any other order will not result in a dismissal of this Order.  ONLY A JUDGE CAN MODIFY THIS NO CONTACT ORDER.

The court clerk must immediately send a copy of this Order to the Sheriff's Office in the county in which this Order was originally issued for entry into record systems.

**IT IS SO ORDERED.**

Dated:  *5/29/20*                    *Victoria Olds*
                                     *Judge*

**WARNINGS:** As a result of this Order, it may be unlawful for you to purchase or possess a firearm, including a rifle, pistol, or revolver, or ammunition pursuant to federal law under 18 U.S.C. § 922(g)(8) . If you have any questions whether these laws make it illegal for you to possess or purchase a firearm, you should consult an attorney.

This Order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction (18 U.S.C. § 2265).

I, the Defendant named above, acknowledge receipt of this order.

Defendant Signature: _____     Date Signed: _____

Served by: _____     Law Enforcement Id. #: _____     Date served: _____

☐ File      ☐ Sheriff's Office          ☐ Prosecutor          ☐ Defense Attorney
☐ Protected person(s)      ☐ Protected person(s) via prosecuting attorney

STATE OF IDAHO  )ss.
County of Lewis  )
I hereby certify that the instrument to which this certificate is affixed is a true and correct copy of the original on file and of record in my office
WITNESS my hand and official seal this _____ day
of _____ 20 ____
Page 2 of 3
_____ Clerk of the District Court
By _____ Deputy

No Contact Order I.C. 18-920  - I.C.R 46.2

## Case Information

CR31-20-0097 | State of Idaho Plaintiff, vs. Jeromy J Oelker Defendant.

Case Number
CR31-20-0097

Court
Lewis County Magistrate Court

Judicial Officer
Nolta, Paige

File Date
05/29/2020

Case Type
Criminal

Case Status
Inactive Pending - (Warrant/Det Order)

## Party

State
State of Idaho

Active Attorneys ▾

Lead Attorney
Pall, Zachary Aaron

Defendant
Oelker, Jeromy J

DOB
XX/XX/1980

Inactive Attorneys ▾

Attorney
Clark, Paul Thomas
Retained

Lead Attorney
Clark, Paul Thomas
Retained

## Charge

Charges
Oelker, Jeromy J

| Description | Citation | Statute | Level | Date |
|---|---|---|---|---|

| 1 | Battery-Domestic Violence Without Traumatic Injury Against a Household Member | 17297 | I18-918(3)(b) {M} | Misdemeanor | 05/28/2020 |
| 2 | Arrests & Seizures-Resisting or Obstructing Officers | 17297 | I18-705 | Misdemeanor | 05/28/2020 |

## Bond Settings

| Setting Date |
| --- |
| 5/29/2020 |
| 8/6/2020 |

## Bond

| Bond Type | Bond Number | Bond Amount | Current Bond Status |
| --- | --- | --- | --- |
| Cash Bond | | $10,000.00 | Notice of Bond Forfeiture |

## Events and Hearings

05/29/2020 Arraignment ▾

Judicial Officer
Olds, Victoria

Hearing Time
10:45 AM

Result
Hearing Held

Parties Present ▲
  State: State of Idaho

    Prosecuting Attorney: Pall, Zachary Aaron

  Defendant: Oelker, Jeromy J

05/29/2020 New Case - Criminal

05/29/2020 Citation Filed

05/29/2020 Affidavit of Probable Cause

05/29/2020 Notification of Rights

05/29/2020 Probable Cause Order

05/29/2020 Conditions of Bail or Release ▾

Judicial Officer
**Olds, Victoria**

05/29/2020 Notification of Subsequent/Enhanced Penalties

05/29/2020 No Contact Order ▾

Judicial Officer
**Olds, Victoria**

05/29/2020 Court Minutes

05/29/2020 Notice of Remote Hearing

06/01/2020 Notice of Appearance

06/01/2020 Request for Discovery and Inspection

06/01/2020 Bond Posted - Cash

06/04/2020 Stipulation to Continue ▾

Comment
**Pretrial Conference**

06/04/2020 Order to Continue

06/08/2020 Notice of Remote Hearing

06/08/2020 Response to Request for Discovery ▾

Comment
**response to discovery (3)**

06/08/2020 Request for Discovery ▾

Comment
**request for discovery (5)**

06/16/2020 Pre-trial Conference ▾

Judicial Officer
Olds, Victoria

Hearing Time
02:00 PM

Cancel Reason
Vacated

06/17/2020 Supplemental Response to Request for Discovery ▾

Comment
supplemental response oelker

06/23/2020 Motion to Dismiss

06/23/2020 Memorandum In Support of Motion ▾

Comment
to Dismiss

06/29/2020 Application ▾

Comment
For Termination of Protection Order

06/30/2020 Pre-trial Conference ▾

Judicial Officer
Olds, Victoria

Hearing Time
11:00 AM

Result
Hearing Held

Parties Present ▴
State: State of Idaho

Prosecuting Attorney: Pall, Zachary Aaron

Defendant: Oelker, Jeromy J

06/30/2020 Court Minutes

06/30/2020 Subpoena Issued ▾

Comment
subpoena Arnzen (3)

07/01/2020 Subpoena Returned ▾

Comment
Arnzen

07/02/2020 Motion to Withdraw

07/02/2020 Affidavit in Support of Motion ▼

Comment
to Withdraw as Attorney

07/02/2020 Notice of Hearing

07/07/2020 Motion Hearing ▼

Judicial Officer
Olds, Victoria

Hearing Time
03:30 PM

Result
Hearing Held

Parties Present ▲
State: State of Idaho

Prosecuting Attorney: Pall, Zachary Aaron

Defendant: Oelker, Jeromy J

07/07/2020 Court Minutes

07/08/2020 Order Granting Leave to Withdraw as Atty of Record ▼

Judicial Officer
Olds, Victoria

07/08/2020 Order on Motion to Modify or Dismiss No Contact Order ▼

Judicial Officer            Comment
Olds, Victoria              Denying Without Prejudice

07/08/2020 Order on Motion ▼

Judicial Officer            Comment
Olds, Victoria              Denying Motion to Dismiss

07/08/2020 Order for Pretrial & Notice of Trial Setting ▼

Judicial Officer
Olds, Victoria

08/04/2020 Pre Trial ▼

Judicial Officer
Olds, Victoria

Hearing Time
03:00 PM

Result
Hearing Held

Parties Present ▲
State: State of Idaho

Prosecuting Attorney: Pall, Zachary Aaron

08/05/2020 Court Minutes

08/06/2020 Warrant/Det Order Issued - Bench

08/17/2020 Notice ▼

Comment
of removal of action under 28 U.S.C. Federal Question

08/17/2020 Notice of Forfeiture of Cash Bail

08/31/2020 Motion to Quash Warrant

09/30/2020 Motion to Quash Warrant

09/30/2020 Order ▼

Comment
Denying Motion to Quash Warrant

10/06/2020 Pre-trial Conference ▼

Judicial Officer
Olds, Victoria

Hearing Time
03:30 PM

Result
Hearing Held

Comment
FINAL

Parties Present ▲
State: State of Idaho

Prosecuting Attorney: Pall, Zachary Aaron

10/06/2020 Court Minutes

10/07/2020 Order ▼

| | |
|---|---|
| Judicial Officer | Comment |
| Olds, Victoria | To Vacate Jury Trial |

10/22/2020 Notice ▼

Comment
Of Removal of Action Under 28 U.S.C 1443

10/22/2020 Memorandum ▼

Comment
Memorandum Decision and Order from United States District Court

10/23/2020 Motion ▼

Comment
For Supplemental Discovery

10/23/2020 Motion ▼

Comment
To Vacate Bench Warrant and Bail Forfeiture

10/27/2020 Motion ▼

Comment
For Supplemental Discovery

11/05/2020 Jury Trial ▼

Judicial Officer
Olds, Victoria

Hearing Time
9:00 AM

Cancel Reason
Vacated

12/09/2020 Order ▼

Judicial Officer
Olds, Victoria

01/19/2021 Motion Hearing ▼

Judicial Officer
Olds, Victoria

Hearing Time
03:30 PM

Cancel Reason
Vacated

01/19/2021 Decision or Opinion ▾

Judicial Officer                    Comment
Nye, David C.                       and Order

01/19/2021 Judgment ▾

Judicial Officer
Nye, David C.

01/20/2021 Request for Production of Documents ▾

Comment
Failure to Prosecute

05/17/2021 Motion to Modify or Dismiss No Contact Order

05/17/2021 Order to Continue ▾

Judicial Officer
Olds, Victoria

05/26/2021 Letter ▾

Comment
letter

05/27/2021 Motion to Continue ▾

Original Type
Motion to Continue

Judicial Officer
Olds, Victoria

Hearing Time
02:30 PM

Result
Hearing Held

Comment
NCO

05/27/2021 Court Minutes

05/27/2021 No Contact Order ▾

Judicial Officer
Olds, Victoria

Comment
Amended - Extended

06/09/2021 Affidavit / Return of Service ▼

Comment
Not Found - Jeromy Oelker

06/09/2021 Affidavit / Return of Service ▼

Comment
Vivian Baxter

## Financial

No financial information exists for this case.

# Exhibit L

Notice Juanita Kirkland states no probable cause Affidavit was filed in the previous 2017 case either. This Exhibit is subject to Continual Harm, but also reflects the fact that the Lewis County Court exceeds their jurisdiction routinely.

## RE: 2016-706/ Probable Cause Affidavit missing/ Jeromy Oelker

From: Juanita Kirkland (jkirkland@lewiscountyid.org)

To: oelkerj@yahoo.com

Date: Thursday, January 11, 2024 at 04:09 PM PST

==There is not a PC affidavit in this case.==

**From:** jeromy oelker <oelkerj@yahoo.com>
**Sent:** Monday, January 8, 2024 12:56 PM
**To:** Juanita Kirkland <JKirkland@LewisCountyID.Org>
**Subject:** 2016-706/ Probable Cause Affidavit missing/ Jeromy Oelker


Ms. Kirkland,

I need the Probable Cause Affidavit for case 2016-706.

Thank you,

Jeromy Oelker

On Wednesday, December 27, 2023 at 11:53:29 AM PST, Juanita Kirkland <jkirkland@lewiscountyid.org> wrote:



There is no page 1 in the file. It would be my assumption it would have been a fax cover sheet.