# United States District Court
# District of Nevada

Jeromy Oelker
525 E. Bonanza Rd.                    ***IRREPARABLE  INJURY***
Las Vegas, NV 89101

_____

**Jeromy Oelker**                    )
      *Plaintiff   (pro se)*    )
                         )
vs.                                  )
                         )
**Magistrate Victoria Olds;**        )    <u>No. 2:23-cv-01490</u>
**Magistrate Paige Nolta;**          )    Memorandum in Support/
**Prosecutor Zach Pall;**            )    Motion to Vacate Judgment
**Attorney Thomas Clark;**           )    F.R.C.P. 60(b)(4), (b)(3);
**Attorney Brennan Wright;**         )    28 U.S.C. § 2283;
**Deputy Arnzen;**                   )    28 U.S.C. § 1657
**Sheriff Davis**                    )
       *Defendants*         )    ref: <u>CR31-20-0097</u>

 This Conclusion of Law Abridges the 11th Amendment. 

**This pre-trial record is recorded fact.** In Tumey, the Murchison Court noted that "fairness... requires an absence of actual bias in the trial of cases," and common law had "always endeavored to prevent even the probability of unfairness." Here, for due process, "to perform its high function in the best way, 'justice must satisfy the appearance of justice.'" Offut v. United States, 348 U.S. 11, 14 (1954)).

Idaho Code of Judicial Conduct 1.1:

**A judge shall comply with the law,**\* including the Code of Judicial Conduct.

Idaho Code of Judicial Conduct: Terminology:

**"Impropriety"** includes conduct that violates the law, or provisions of this Code, and conduct that undermines a judge's independence, integrity, or impartiality.

"The probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable." **"If the failure to recuse is so severe that it deprives a litigant of due process, then the judgment is 'VOID.'"** Caperton, 556 U.S. at 872, 877.

"**Denying defendants relief for clear violations of their procedural rights reduces the law to pretend-rules.**" United States v. Mechanik, 475 U.S. 66 (1986); citing United States v. Borello, 766 F.2d 46, 58 (CA2 1985); quoting United States v. Antonelli Fireworks Co., 155 F.2d 631, 661 (CA2) (Frank, J., dissenting). Adjudications require both the prosecuting party and the prosecuted party to follow some defined procedural process that serves to help check prosecutorial intimidation or overreach.

"Officials and Judges are deemed to know the law and sworn to uphold the law; **Officials and Judges cannot claim to act in good faith in willful deprivation of law**, they certainly cannot plead ignorance of the law, even the Citizen cannot plead ignorance of the law, the courts have ruled there is no such thing as ignorance of the law." Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958).

<u>Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner</u>, to follow a **certain procedure**, or otherwise subjects the Court to certain limitations, **<u>an act of the Court beyond these limits is in excess of its jurisdiction</u>**. In re: T.R.P., 360 N.C. 588, 636 S.E.2d 787 (2006). Jurisdiction only advances by procedural adherence.

Under Rochin, 342 U.S. at 172. 268. Id. at 173. The Court also noted that, "due process of law, as a historic and generative principle, precludes defining, and thereby confining, these standards of conduct more precisely than to say that convictions cannot be brought about by methods that offend 'a sense of justice." Id. (quoting Chief Justice Hughes "speaking for a unanimous Court" in Brown v. Mississippi, 274 U.S. 278, 285-86 (1936)).

State v. Rogan, 984 P.2d 1231 (1999) (citing to Dinitz while holding that "where the defendant is provoked by **<u>Judicial or Prosecutorial Overreaching</u>** into requesting a mistrial and his motion is granted, **he may not be retried for the same offense**"); United States v. Dinitz, 424 U.S. 600, 607 (1976).

**Idaho Criminal Rule 48**. Dismissal by the Court: (2)(c) Effect of Dismissal. An order for dismissal is a bar to any other prosecution for the same offense if it is a misdemeanor.

Because corrupt intent knows no stylistic boundaries, "**Fraud on the Court**" can take many forms. Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989).

In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself It is where the court or a member is corrupted or influenced or influence is attempted or **where the judge has not performed his judicial function** --- thus where the impartial functions of the court have been directly corrupted."

A "**fraud on the court**" occurs where it can be demonstrated, clearly and convincingly, that a party has **sentiently** set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly **hampering the presentation of the opposing party's claim or defense**. Aoude v. Mobil Oil Corp. 892 F.2d 1115 (1st Cir. 1989).

As a general rule, double jeopardy rarely applies to situations involving a mistrial in a criminal case. This is doubly so when the defendant moves for a mistrial. However, the U.S. Supreme Court declared in Oregon v. Kennedy, that when a prosecutor "**goads**" the defendant into moving for a mistrial, double jeopardy may apply if the prosecutor acted with the intent to cause a mistrial. Courts use the term "goading" to explain prosecutorial overreaching that effectively requires the defense to move for a mistrial. It's a difficult standard to meet. (Oregon v. Kennedy, 456 U.S. 667 (1982).

**Obstruction of justice** occurrence when two or more persons conspire to **imped, hinder, obstruct, and defeat the due course of justice**. U.S. Code Title 42 Sections: 1985(2) Conspiracy To Interfere With Civil Rights"....(2) Obstructing Justice;...or if two or more persons conspire for **the purpose of impeding, hindering, obstructing and defeating, in any**

**manner, the due course of justice in any State** or Territory, with intent to deny to any citizen the equal protection of law. The rights of access to the courts is not limited to protecting rights of access to justice of only those individuals who will ultimately prevail in judicial process but it reaches conspiracy, misconduct and unjustified acts and actions which impedes the due course of justice **with the intent to deny the individual equal protection of the law**. See Bell v. City of Milwaukee 746 F.2d 1205 (7th Cir. 1984); Also See McTigue, 60 F.3d 381, 382.

Aside from the fact the Lewis County Court never acquires Personnel Jurisdiction and Plenary Power they violate all of Idaho's Statutory Procedural Requirements regarding a Criminal Prosecution. Hence they never acquire Subject Matter Jurisdiction either. To include altering the Hearing Transcripts, Body Camera Video, and Ante Dating the Record.

It is with preponderance Case # CR31-20-0097 of the Lewis County Magistrate Court of Nez Perce, ID. is "VOID" as wanting in due process of law within the meaning of the Fourteenth Amendment.

Rule 60(b) is the basis upon which this dispute is resolved, the underlying ethical framework is important to our system of justice and in promoting public confidence in the integrity of our judicial system. The Lewis County Magistrates are the entity ultimately responsible for promulgating the rules and practices governing both bench and bar in Idaho. The Code of Judicial Conduct ("Judicial Code") promulgates fulfillment of that duty. The Judicial Code provides that a "judge should uphold the integrity, independence and impartiality of the judiciary" and to that end "**should avoid impropriety and the appearance of impropriety** in all activities."

It is with preponderance Case # <u>CR31-20-0097</u> is subject to F.R.C.P. 60(b)(4) and F.R.C.P. 60(b)(3):

1) **Personnel Jurisdiction** (Not Acquired)

    a) Probable Cause Affidavit Defective (Ante Dating/ Fraud)

    b) Probable Cause Hearing never held (**Exhibit X-5**)

    c) Criminal Information never filed (**Exhibit X-5**)

2) **No Plenary Power without signed "Information"** (**Exhibit X-5**)

3) **Judicial Impropriety/ Bias** (Hearing Transcript)

4) **Right to be Heard denied**

    a) Judicial Bias (Hearing Transcript)

    b) Ineffective Assistance of Counsel (Wrong Dismissal Filed)

    c) Bail Hearing defective/ No Information

    d) No response to Dismissal Motions or Supplemental Discovery

    e) Chilled Speech (Hearing Transcript)

5) **Violation of ALL "Fundamental" Due Process rights**

    a) Double Jeopardy violated without "Information"

6) **Subject Matter Jurisdiction lost (No Procedural Due Process)**

7) **Fraud on the Court**

    a) Unreasonable Delay/ Malicious Prosecution

    b) Transcript Redaction without Memorandum

    c) Judicial Impropriety/ Ante Dating the Record

    d) Clerk Impropriety (No Stamp/ Seal; I.C.R. 49(d))

8) **Process Crimes/ Abuse of Proces**s

    a) Obstruction of Justice

    b) Spoliation of Evidence/ Tampering

    c) No Compulsory Process

    d) **Speedy Trial Right Violated**

The case law regarding Federal Rule of Civil Procedure 60(b) clearly states that a federal court has no discretion to deny a motion for relief from a judgment unsupported by either personal or subject matter jurisdiction. Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998), cert. denied, 525 U.S. 1041 (1998); Chambers v. Armontrout, 16 F.3d 257, 260 (8th Cir. 1994); Jordon v. Gilligan, 500 F.2d 701, 704 (6th Cir. 1974), cert. denied, 421 U.S. 991 (1974) ("A void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside.")

**No Probable Cause hearing**: (Order Never Received) (Ante Dating)
The Court determined that such a detention could easily result in an illegal seizure and that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest. Gerstein v. Pugh, 420 U.S. 103, 125 (1975). Id. at 114.

In Johnson v. U.S., 333 U.S. 10. 13-14 (1948), this Court stated, "the point of the Fourth Amendment is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officers engaged in the often-competitive enterprise of ferreting out crime."

**No Criminal Information**: (excess of jurisdiction) (**Exhibit X-5**)
19-102. PROSECUTION BY INDICTMENT OR INFORMATION — EXCEPTIONS. Every public offense must be prosecuted by indictment, or information. **Without any Information, there lies no Elements**.

Under United States v. Du Bo, 186 F.3d 1177 (9th Cir. 1999), **an indictment missing an essential element challenged before trial must be dismissed regardless of whether the omission prejudiced the defendant**. <u>The complete failure to charge an essential element of a crime, however, "is by no means a mere technicality</u>." See United States v. King, 587 F.2d 956, 963 (9th Cir. 1978). As the Supreme Court stated over a century ago, the omission of a necessary element of an offense is a "matter of substance, and not a defect or imperfection in matter of form only." Carll, 105 U.S. at 613 (internal quotation marks omitted).

19-1303. STATEMENT OF OFFENSE CHARGED. The offense charged in all <u>informations</u> shall be stated with the same fullness and precision in matters of substance as is required in <u>indictments</u> in like cases, and <u>in all cases defendant or defendants shall have the same rights as to proceedings therein as he or they would have if prosecuted for the same offense upon indictment</u>. <u>Hence **Idaho Criminal Rules of Procedure 3, 4, and 10** were also violated</u>. Please note Idaho Criminal Rules are Identical to Federal Criminal Rules aside from Idaho completely abridges Rule 58 and the 6th Amendment.

Without an Information Idaho Statute **19-1302** is violated; Filing and endorsement of information. All informations shall be filed in the court having jurisdiction of the offense specified therein by **the prosecuting attorney** as informant to which he **shall subscribe his name.**

**Judicial Bias**: (Fundamental Infirmity)
Under Heyne v. Metro. Nashville Public Schools, 655 F.3d 556, 566 (6th Cir. 2011) when a person has a protected interest under the Due Process

Clause and the individual responsible for deciding whether to deprive that person of his interest is biased."). Not only is a biased decision maker constitutionally unacceptable, but "our system of law has always endeavored to prevent even the probability of unfairness." In re Murchison, supra at 349 U.S. 136; cf. Tumey v. Ohio, 273 U.S. 510, 273 U.S. 532 (1927).

In State v. Womelsdorf , 47 Kan. App. 2d 307, 323, 274 P.3d 662 (2012), the court ruled that the lack of an impartial judge is a structural error. "To ensure that the opportunity is meaningful, there are aspects of due process that are irreducible minimums, including that whenever due process requires a hearing, the adjudicator must be impartial." Today's Fresh Start, Inc. v. L.A. County. Office. of Education., 303 P.3d 1140, 1149 (Cal. 2013) (citing Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876 (2009)).

**Right to be heard Denied**: (Fundamental Infirmity)

Parties whose rights are to be affected are entitled to be heard. Baldwin v. Hale, 68 U.S. (1 Wall.) 223, 233 (1863). Before a state may legitimately exercise control over persons and property, the state's jurisdiction must be perfected by an appropriate service of process that is effective to notify all parties of proceedings that may affect their rights. But, whether the action be in rem or in personam, there is a constitutional minimum; due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

"The law of the land and the process of law are interchangeable terms and both import notice and an opportunity to be heard or defend in a regular proceeding before a competent tribunal." Smith v. Keater et al, 286 N.C. 530, 535, 206 S.E. 2d 203 206 (1974). "A sentence of a court, pronounced against a party without hearing him or giving him an opportunity to be heard, is not a judicial determination of his rights and is not entitled to respect in any other tribunal." Windsor v. McVeigh, 93 U.S. 274 (1876).

**No Bail Hearing**: (Fundamental Infirmity) (Moot without an Information)
The purpose of a pretrial detention hearing is not to rehash probable cause but to provide opportunity for detainee to show no risk of flight or danger to community. United States v. Hurtado, 779 F.2d 1467, 1479 (11th Cir. 1985).

**No Procedural Due Process**: (excess of jurisdiction)
Under Heyne v. Metro. Nashville Pub. Schs., 655 F.3d 556, 566 (6th Cir. 2011) (Procedural due process is not satisfied when a person has a protected interest under the Due Process Clause and the individual responsible for deciding whether to deprive that person of his interest is biased.) (Armstrong v. Manzo, 380 U.S. 545, 552 (1965) (citation omitted). The mere fact that a hearing was held … does not mean that a litigant was provided with the opportunity to be heard at a meaningful time and in a meaningful manner as required to satisfy due process.

And the "hallmarks of procedural due process" are "notice and a meaningful opportunity to be heard." Austin v. Univ. of Or., 925 F.3d 1133, 1139 (9th Cir. 2019) (citation omitted).

It's a longstanding principle that to deny an individual access to courts for the vindication of his or her rights is **<u>egregious</u>**.

**Ineffective Assistance of Counsel**: (Fundamental Infirmity)

The assistance of counsel is a vital aspect of the defendants right to be heard, According to Powell is among the immutable principles of justice. Powell v. Alabama 287 U.S. 45 (1932).

The appropriate remedy for the underlying right to counsel violations was dismissal of the indictment with prejudice. United States, v. Morrison, 449, U.S., 361, 364–65 (1981).

**Denied right to Self-Representation**: (Fundamental Infirmity)

That right is based on the fundamental legal principle that a defendant must be allowed to make his own choices about the proper way to protect his own liberty. [Citation.] Because harm is irrelevant to the basis underlying the right, the Court has deemed a violation of that right structural error. People v. Lesser, D070195 (Cal. Ct. App. Aug. 31, 2017) (citing Weaver v. Massachusetts 137 S. Ct. 1899, 1908 (2017)). Denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it the Court must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial.

For these errors, harm is irrelevant violation of the right may even aid a criminal defendant, such as appointing a lawyer in violation of the Sixth Amendment right of self-representation. Structural errors that can result in automatic reversal because the effects of the error are simply too hard to measure. Weaver v. Massachusetts, 137 S. Ct., 1899 (2017).

Page 11 of 22

The court also held The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. It is the accused, not counsel, who must be informed of the nature and cause of the accusation. Faretta v. California 422 U.S. 806 (1975).

**Chilled Speech**:

In Mendocino Environmental Center v. Mendocino County, the court pointed out that the proper First Amendment inquiry asks whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. 192 F.3d 1283, 1300 (9th Cir. 1999) (emphasis added).

**Subject Matter Jurisdiction never Acquired**:

Before a state may legitimately exercise control over persons and property, the state's jurisdiction must be perfected by an appropriate service of process that is effective to notify all parties of proceedings that may affect their rights. But, whether the action be in rem or in personam, there is a constitutional minimum; due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

A trial court does not have the authority to act without subject-matter jurisdiction. Subject-matter jurisdiction is established via statute, rule, or constitutional provision. An order issued without subject-matter jurisdiction is void ab initio. Ricci v. Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, 276 So. 3d 5, 7-8 (Fla. 4th DCA 2019).

The doctrine that where a court has once acquired jurisdiction it has a right to decide every question which arises in the cause, and its judgment, however erroneous, cannot be collaterally assailed, is only correct <u>when the court proceeds, after acquiring jurisdiction of the cause, according to the established modes governing the class to which the case belongs, and does not transcend, **in the extent or character of its judgment, the law which is applicable to it**</u>. Windsor v. McVeigh, 93 U.S. 274 (1876).

"Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of stare decisis, are in excess of jurisdiction." Pajaro Valley Water Management Agency v. McGrath (2005) 128 Cal.App.4th 1093, 1101, 27 Cal.Rptr.3d 741.

**Fraud on the Court**:
A "Fraud on the Court" occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense. Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989). An abuse of discretion constitutes more than an error of judgment; rather, it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore, 5 Ohio St.3d 217, 219 (1983); Belisle Constr. v. Perry 2022 Ohio 239 (Ohio Ct. App. 2022). Fraud Upon the Court is where the Judge (who is Not the Court) does Not support or uphold the Judicial Machinery of the Court.

The Court is an unbiased , but methodical creature which is governed by the Rule of law . . ..that is, The Rules of Civil Procedure, <u>Rules of Criminal Procedure</u> and Rules of Evidence, all which is overseen by Constitutional Law. **The Court can ONLY be effective, fair, and "just"** <u>If it is allowed to function as laws proscribe</u>.

**Structural Errors**:

<u>A void judgment, in turn, is one "affected by a fundamental infirmity,"</u> which renders the judgment a "legal nullity." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). In Williams, the U.S. Supreme Court held that it is "structural error" when a judge with an "unconstitutional potential for bias" renders a judgment. 136 S. Ct. at 1905, 1909.

<u>It is inconceivable that a due process violation that is "structural error," id., would not also cause the case to be "affected by a fundamental infirmity,"</u> Espinosa, 559 U.S. at 270. The court also relied on United Student Aid Funds, Inc. v. Espinosa, where the U.S. Supreme Court held that relief under Rule 60(b)(4) is available "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." 559 U.S. at 271. Speedy Trial Right Violated: The Court's opinion in Klopfer v. North Carolina, 386 U. S. 213 (1967), established that the right to a speedy trial is "fundamental," and is imposed by the Due Process Clause of the Fourteenth Amendment on the States. Smith v. Hooey, 393 U. S. 374, 393 U. S. 378 (1969) (footnote omitted). The Court of Appeals went on to state: <u>"The remedy for a violation of this constitutional right has traditionally been the dismissal of the indictment or the vacation of the sentence."</u>

The remedy of a second trial would not "neutralize the taint" of the original constitutional violation, and would therefore not be "appropriate in the circumstances." Morrison, 449 U.S. at 365.

**Obstruction of Justice**:

Cent. Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003) (holding that "a judgment may be declared void for want of jurisdiction when the court plainly usurped jurisdiction" (citations omitted)). Accordingly, "process crimes" comprise those criminal offenses with content addressing acts that interfere with the procedures and administration of justice. (Ante-Dating the Record) (**Exhibit D**)

**Comity is not applicable in this case** because "A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Ex parte Seidel, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001), Ex parte Spaulding, 687 S.W.2d at 745 (Teague, J., concurring). Phelps v Alameida (9th Cir 2009) 569 F3d 1120 (**purpose of Rule 60(b) is to correct erroneous legal judgments that would prevent true merits of petitioner's constitutional claims from ever being heard**).

It has also been held that "It is not necessary to take any steps to have a void judgment reversed, vacated, or set aside, It may be impeached in any action direct or, collateral." Holder v. Scott, 396 S.W.2d 906, (Tex.Civ.App., Texarkana, 1965, writ ref., n.r.e.).

"A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. <u>It is clear and well established law that a void order can be challenged in any court</u>", **Old Wayne Mutual L. Assoc. v. McDonough**, 204 U.S. 8, 27 S. Ct. 236 (1907). The constitutional requirement that full faith and credit be given in each state to the public acts, records and judicial proceedings of every other state is necessarily to be interpreted in connection with other provisions of the Constitution, and therefore no state can obtain in the tribunals of other jurisdictions full faith and credit for its judicial proceedings if they are wanting in the due process of law enjoined by the fundamental law.

If the conclusiveness of a judgment or decree in a court of one state is questioned in a court of another government, federal or state, it is open, under proper averments, to inquire whether the court rendering the decree or judgment had jurisdiction to render it. 204 U.S. at 9.

"No judgment of a court is due process of law, if rendered without jurisdiction in the court, or without notice to the party." Scott v. McNeal, 154 U.S. 34, 154 U.S. 46. "No state can, by any tribunal or representative, render nugatory a provision of the supreme law." 204 U.S. at 15. **<u>Such is the settled doctrine of the United States Supreme Court</u>**.

In the leading case of Thompson v. Whitman, 18 Wall. 457, 85 U.S. 468, the whole question was fully examined in the light of the authorities. Mr. Justice Bradley, speaking for the Court and delivering its unanimous judgment, stated the conclusion to be clear that the jurisdiction of a court rendering judgment in one state may be questioned in a collateral proceeding in another state, notwithstanding the averments in the record of the judgment itself.

Page 16 of 22

The Court, among other things, said that, if it be once conceded that "the validity of a judgment may be attacked collaterally by evidence showing that the court had no jurisdiction, it is not perceived how any allegation contained in the record itself, however strongly made, can affect the right so to question it.

**<u>The very object of the evidence is to invalidate the paper as a record.</u>**

If that can be successfully done, no statements contained therein have any force. If any such statements could be used to prevent inquiry, a slight form of words might always be adopted so as effectually to nullify the right of such inquiry.

Recitals of this kind must be regarded like asseverations of good faith in a deed, which avail nothing if the instrument is shown to be fraudulent." 204 U.S. at 16. In Williamson v. Berry, 8 How. 495, 49 U.S. 540, it was said to be well settled that the jurisdiction of any court exercising authority over a subject "may be inquired into in every other court when the proceedings in the former are relied upon and brought before the latter by a party claiming the benefit of such proceedings," and that the rule prevails whether "the decree or judgment has been given in a court of admiralty, chancery, ecclesiastical court, or court of common law, or whether the point ruled has arisen under the laws of nations, the practice in chancery, or the municipal laws of states."

In his Commentaries on the Constitution, Story, § 1313, referring to Mills v. Duryee, 7 Cranch 481, 11 U.S. 484, and to the constitutional requirement as to the faith and credit to be given to the records and judicial proceedings of a state, said:

"But this does not prevent an inquiry into the jurisdiction of the court in which the original judgment was given, to pronounce it, or the right of the state itself to exercise authority over the person or the subject matter.

**The Constitution did not mean to confer upon the states a new power or jurisdiction, but simply to regulate the effect of the acknowledged jurisdiction over persons and things within the territory**." 204 U.S. at 17.

It is with preponderance that Civil Rule 60(b) applies to any judgment, whether Criminal or Civil. Felker v. Turpin (Felker II), 101 F.3d 657, 661 (11th Cir. 1996); Turner v. Godinez (N.D. Ill. Aug. 11, 2017).

Jurisdiction creates a presumption that the resulting judgment is legitimate and therefore binding, but that presumption can be rebutted under highly unusual circumstances, such as corruption, **monstrous abridgments of process**, outrageously incorrect results, or some combination.

In this sense, the party bearing the burden of persuasion bears the risk of non-persuasion. McNutt v. General Motors Acceptance Corp, 298 U.S. 178, 189 (1936) (Because the plaintiff "is seeking relief ... it follows that he must carry throughout the litigation the burden of showing that he is properly in court.")

"A judgment against a person on whom no process has been served is not erroneous and voidable, but, upon principles of natural justice and also under the due process clause of the Fourteenth Amendment, **is absolutely void**." Simon v. Southern Ry. Co., 236 U.S. 115 (1915).

In re Brackett, 243 B.R. 910, 914 n 7 (Bankr. N.D. GA 2000) ("**If a judgment is void, no proof is required that the defaulting party has a meritorious defense or that the other party will not be prejudiced by having the judgment set aside**."); See McCormick, 2 McCormick on Evidence § 337 at 428 (cited in note 20) (stating that the burden of proof is generally assigned to the party who "seeks to change the present state of affairs").

<u>**"A judgment is 'void' where a court 'usurps a power without jurisdiction.'"**</u> Hoffler v. Bezio, 726 F.3d 144, 156 (2d Cir. 2013). <u>Many state courts have also echoed the traditional understanding, recognizing that jurisdictional defects "Void" judgments.</u> See, e.g., Commonwealth v. Martin, 476 Mass. 72, 76 (Mass. 2016); Sanders v. Frakes, 295 Neb. 374, 380 (Neb. 2016); People v. Castleberry, 398 Ill. Dec. 22, 25 (Ill. 2015); State v. Oerly, 446 S.W.3d 304, 307 (Mo. Ct. App. 2014); State v. Cramer, 192 Ariz. 150, 153–54 (Ariz Ct. App. 1998); Dike v. Dike, 75 Wash. 2d 1, 8 (Wash. 1968); Haynes v. Robbins, 158 Me. 17, 23–24 (Me. 1962).

**Selective enforcement** is the ability that executors of the law have to arbitrarily select choice individuals as being outside of the law. The use of enforcement discretion in an arbitrary way is referred to as selective enforcement or selective prosecution. Selective enforcement is recognized as **sign of tyranny**, and an **abuse of power**, **because it violates rule of law**, allowing men to apply justice only when they chose.

Aside from this being inherently unjust, it almost inevitably must lead to favoritism and **extortion**. See Willowbrook v. Olech, 528 U.S. 562; Levenstein v. Salafsky, 414 F. 3d 767; U.S. v. Armstrong, 116 S. Ct. 1480; Oyler v. Boles, 82 S. Ct. 501.

The remedy of a second trial would not "neutralize the taint" of the original constitutional violation, and would therefore not be "appropriate in the circumstances." Morrison, 449 U.S. at 365.

**"The prosecutor is entitled to one, and only one, opportunity to require an accused to stand trial."** Arizona v. Washington, 434 U.S. 497, 503–05 (1978).

**"Denying defendants relief for clear violations of their procedural rights reduces the law to pretend-rules."** United States v. Borello, 766 F.2d 46, 58 (CA2 1985), quoting United States v. Antonelli Fireworks Co., 155 F.2d 631, 661 (CA2) (Frank, J., dissenting).

"In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process." Estate of Stonehill, 660 F.3d at 444 (internal alterations omitted) (quoting Alexander v. Robertson , 882 F.2d 421, 424 (9th Cir. 1989)). Tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. Alexander v. Robertson , 882 F.2d 421, 424 (9th Cir. 1989).

See H.K. Porter Co. Inc. v. Goodyear Tire Rubber Co., 536 F.2d 1115, 1119 (6th Cir. 1976) (dicta) ("Since attorneys are officers of the court, their conduct, if dishonest, would constitute fraud on the court.")

The Supreme Court has held, for example, that if a trial court has "jurisdiction of the cause and of the party," <u>a defendant cannot be retried under double jeopardy due to a "voidable" error in the indictment</u>. Benton v. Maryland, 395 U.S. 784, 797 (1969) (quotations omitted).

**<u>In this country the provisions in our Bills of Rights are limitations upon all departments of government.</u>**

"Sense of fairplay shocked is not due process." (Congress Barred) Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737.

The prohibition against depriving the citizen or subject of his life, liberty, or property without due process of law is not new in the constitutional history of the English race.

It is not new in the constitutional history of this country, and it was not new in the Constitution of the United States when it became a part of the Fourteenth Amendment, in the year 1866. Id at 96 U. S. 101; Davidson v. New Orleans, 96 U.S. 97 (1878).

Prosecution by information was "an ancient proceeding at common law, which might include every case of an offense of less grade than a felony, except misprision of treason ... id at 538; Hurtado v. California, 110 U.S. 516, 532 (1884).

<u>The words, "due process of law" were undoubtedly intended to convey the same meaning as the words "**by the law of the land**," in Magna Charta</u>. Lord Coke, in his commentary on those words (2 Inst. 50), says they mean due process of law.

Page 21 of 22

"The Union of these States is perpetual" under the Constitution. The United States do *not* form a compact, but are a "country" bound together by "**national fabric**." Abraham Lincoln 1862. The union that Lincoln hoped to save was an agreement between the <u>sovereign *people*</u> of the United States, not the states themselves. And so, the president argued, <u>the people of a particular state could not break away of their own volition</u>.

On May 29th, 2020 Lewis County Court was acting in "Bad Faith" and "Usurped" their authority/ "excess of jurisdiction", intentionally, maliciously, in effect "Goading" me to move for a mistrial. It is very blatant they have no Honor towards our nations' and the State of Idaho's Covenant, "Due Process."

"It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012). Duty to Justice is a Slippery Slope.

Please Vacate  "Void" case CR31-20-0097. I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of January 2024 at Las Vegas, Nevada.

_____

Jeromy Oelker (pro se)

Page 22 of 22



1775